# Hawes *v.* Brown.

*Bill in Equity to enjoin Sale of Land under Mortgage, and to set off Judgment against Mortgage Debt.*

1. *When complainant must fail for want of proof.*—When an affirmative fact is pleaded in a bill in equity as the basis of the relief prayed, and the fact is denied by the defendant in his answer, the burden of proof being on the complainant, if the evidence touching the fact is equally balanced, or if the evidence does not produce a just, rational belief of its existence, if it leaves the mind in a state of doubt and uncertainty, the party affirming the fact fails for want of proof.

APPEAL from Coosa Chancery Court.

Heard before Hon. N. S. GRAHAM.

In this case William L. Hawes seeks, by bill in equity against L. J. Brown, to enjoin a sale of land under a power contained in a mortgage executed by the complainant to the defendant, and to set off against the mortgage debt a judgment obtained against the defendant by one Wagner, and an account due by defendant to one Gamble, both of which are averred to have been transferred to the complainant. The issue between the parties, as to the Gamble account, was whether it had been paid. The bill, as amended, avers, in substance, that, in 1872, the complainant, being indebted to the defendant, executed to him his three promissory notes, one of which was for about the sum of $75 ; that about the time this note became due, the defendant owed Gamble the account in controversy, which exceeded the amount of the note, and, in settlement thereof, turned over said note to Gamble, guaranteeing its payment ; that afterwards suit was instituted on the note against complainant, and a judgment was obtained thereon in favor of defendant for the use of Gamble ; that afterwards the defendant obtained judgments against complainant on the other two notes which he had executed to the defendant ; and that afterwards these judgments, including the one in favor of defendant for the use of Gamble, were compromised with defendant, and the amount agreed on in compromise was the consideration of the debt secured by the mortgage. The defendant answered, and in his answer averred, in substance, that he had paid the Gamble account by transferring, without recourse, the said note for $75 ; and denied that he ever had any control over the Gamble judgment against complainant, that it entered into the
25

[Kiser & Co. v. Gamble.]

compromise referred to in the bill, or that it formed a part of the consideration of the mortgage debt.

The chancellor allowed the Wagner judgment, with interest, as a set-off, but refused to allow the Gamble account, and from the decree rendered the complainant prosecuted this appeal, here assigning it as error.

L. E. PARSONS, JR., for appellants.

W. D. BULGER, contra.

BRICKELL, C. J.—The fact the plaintiff was bound to prove, in order to obtain further relief than that which was granted to him, was, that the Gamble judgment formed part of the consideration of the mortgage debt. The fact, if it exists, must be within the knowledge of the parties, and, so far as appears, in reference to it there ought not to be cause or room for dispute. Their evidence is, however, in that painful and irreconcilable conflict which too often characterizes the testimony of litigating parties, embarrassing rather than aiding the administration of justice. As we have said, the burden of proving the fact rests upon the plaintiff ; it is an affirmative fact pleaded by him as the basis of the relief prayed. The fact being denied and put in issue, if the evidence of it is equally balanced, or if the evidence does not produce a just, rational belief of the existence of the fact, if it leaves the mind in a state of doubt and uncertainty, the party affirming the fact fails for want of proof.—*Lehman v. McQueen*, 65 Ala. 570. We have carefully examined the testimony, and we fail to discover that the chancellor erred in the conclusion that the fact was not satisfactorily proved ; and the decree must be affirmed.