| 80   408
|o137  560

# Long *v.* Gill.

*Bill in Equity Praying for Injunction, and Abatement of Obstruction of Right of Way.*

1. *Right of way.*—The conveyance of a right of way over a parcel of land, not defining its limits, but simply designating the place, where it may be reasonably enjoyed, does not operate to pass a right to the unobstructed use of the entire lot described.

2. *Burden of proof.*—When an affirmative fact is averred, on which the title to relief is founded, and is denied, the burden of proof rests on the complainant, and it is incumbent on him to produce a sufficiency of evidence to satisfy the mind.

APPEAL from the City Court of Selma.

Heard before Hon. JON. HARALSON.

The bill in this case was filed in the City Court of Selma, sitting in equity, by Herman Long, against William B. Gill, and prayed an injunction against the continuance of an alleged obstruction by said Gill, of a certain right of way belonging to complainant, and sought the removal of said obstruction, a small brick building, erected by defendant in said right of way. The bill averred that on the 6th of January, 1871, complainant purchased from Geo. L. Watson and Winslow P. Becker, a certain lot and store-house in the city of Selma, fronting on Broad street, and running back in a northerly direction to an open rectangular area of about thirty by twenty-eight feet. This rectangular area was owned by the defendant, and from it an alley-way ten feet wide ran out to another alley leading out to the street. The bill avers that complainant had purchased from the grantors of defendant the right of way over said parcel of land, viz; said area and alley-way, and the unobstructed use thereof was necessary to the ingress and egress to and from the rear of complainant's said lot, with drays, wagons and other conveyances employed in carrying on his mercantile business; that defendant had purchased said parcel of land with actual knowledge of complainant's right of way, and had erected thereon a brick building which materially abridged and restricted the right of plaintiff to the use of the same. The bill prayed that an injunction issue prohibiting defendant from the further use of said erection; and that on final hearing, a decree be rendered directing its removal, and that said Gill, his agents, heirs and assigns, be forever prohibited from again obstructing said right of way. An an-

[Long v. Gill.]

swer was filed by defendant, denying that said right of way was obstructed, or its convenience to complainant materially affected, by the erection of the small brick building, and denied the right of complainant, under the terms of his purchase, to the unobstructed use of the whole space over which he acquired a right of way. On final hearing on the pleadings and evidence, the chancellor dismissed the bill, and his decree is now assigned as error.

BROOKS and WHITE, for appellant.

W. R NELSON, *contra.*

CLOPTON, J.—The claim of complainant depends on grant; and by its construction the nature and extent of the easement have to be inferred. The deed, under which he derives title, conveys " *the right of way over the following lot or parcel of land, to-wit:*" following which is a description, by metes and distances, of an open space of land, immediately in rear of the store, then owned and occupied as a clothing store by the grantees, and now owned by the complainant. The description was not intended to define the limits of the right of way, but to designate the place, where it was to be reasonably enjoyed. The terms of the grant, considered in reference to the locality and situation of the premises, do not operate to pass a right to the unobstructed use of the entire lot described— such as a right of way over a street, or a strip of land appropriated to the purposes of a street—but to the convenient use of so much as may be necessary to the purposes intended by the grant. In *Johnson v. Kinnicutt*, 2 Cush. 153, the defendants being the owners of a block of stores and some land immediately back of and adjoining them, conveyed to the plaintiff a part of the latter—leaving a space of twenty feet between the stores and the land conveyed—" together with the right of passing and repassing over the space of twenty feet between the west wall of the store aforesaid, and the eastern line of the before granted premises." The plaintiff claimed, that he was entitled to an unobstructed use of the whole space. It is said: that the words in the grant "describe the close in, through, and over which, the plaintiff should have a right of way; but they do not describe the limits of the way granted. It was therefore the grant of a convenient way, within those limits, adapted to the convenient use and enjoyment of the land granted, for any useful and proper purpose, for which the land might be used, considering its relative position" to the streets and other parts of the town, and other like circumstances.

[Long v. Gill.]

When no dimensions, nor purposes, are expressed, the extent and nature of the right of way may be inferred from the terms of the grant, interpreted in the light of surrounding facts and circumstances. The parties are presumed to have contemplated the necessities, conveniences, and usages, incidental to a way in such locality, and the grant is to be construed in reference to the position and situation of the place where the way is granted; the intention of the parties being the object of inquiry. The local position, the relative situation of the store of the grantees in reference to the land over which the way is granted, and to the adjoining street and alley, and the purposes for which the store had been previously and was then used, are all elements of consideration. The store of the grantees was bounded on Broad street in the city of Selma, and constituted one of a block of stores, without access to the back part thereof from outside. The only place to receive and deliver goods was in front on Broad street. The grant conveyed the right of way over an alley ten feet wide, leading from without into an open space of about thirty by twenty-nine feet, and over such space, adjoining the back wall of the store. From the circumstances and the situation of the premises, evidently the intention was to provide a mode of ingress and egress for the purpose of receiving and delivering goods and other articles of use at the rear end of the store. The easement extends to the convenient use of the land for vehicles or conveyances, such as may be reasonably required. The complainant therefore is entitled to a way reasonably convenient for the employment of conveyances, such as are usually and generally employed in transporting goods to and from stores. But the owner of the soil is entitled to all the rights, benefits, and privileges of ownership, consistent with and subject to such easement.—*Atkins v. Bondman*, 2 Met. 457; *Brakeman v. Talbot*, 31 N. Y. 366; Wash. Eas. & Serv. 264.

The obstruction complained of is a small brick building, erected by the defendant in a corner of the lot. No complaint is made on any ground, other than as an obstruction. The defendant had the right to erect the building on the land, though a smaller space is left, provided unobstructed space remains reasonably convenient for vehicles to enter, load, and unload, turn, and go out by the alley through which they enter. It is not a necessary consequence, that the complainant is denied the reasonable and convenient use of a way, because a part of the land is occupied by the building. As the City Court adjudged the rights of complainant in unison with these views, the case is reduced to a question of fact—whether the obstruction abridges or impedes the reasonable and convenient use of the right of way for the purposes intended, and for which it was

[Long v. Gill.]

granted? The answer denied the alleged obstruction of the use of the way. When an affirmative fact is averred, on which the title to relief is founded, and is denied, the burden of proof rests on the complainant, and it is incumbent on him to produce a sufficiency of evidence to satisfy the mind. If the existence of the fact is in uncertainty or equipoise, the complainant fails for the want of proof.—*Hawes v. Brown*, 75 Ala. 385.

While we will not undertake the useless task of reviewing the evidence, *pro* and *con*, we can not, in considering it, ignore the fact, testified to by the defendant, and uncontradicted, that in 1875 he erected a wooden structure of about the same size, and at the same locality, which was used for the same purposes, as the present erection; which remained without objection or complaint until the brick building was erected; and also, while the complainant testifies that he protested against the new building, on his return from the North, soon after its completion, which the defendant denies, it does not appear that any further complaint was made for two years or longer, until shortly before the filing of the bill. Acquiescense for an unreasonable time, when a party has full knowledge of his rights, of an invasion by the wrongful acts of another, and the injurious consequences, though not equivalent to an estoppel, or to a bar of the right of action at law, may operate to preclude a resort to remedies peculiarly and exclusively equitable. Ordinarily, seasonable application is requisite to call into exercise the extraordinary jurisdiction and restraining powers of the court.— *Western U. Tel. Co. v. Judkins*, 75 Ala. 428; 2 Pom. Eq. Jur. § 817. We do not mean to say, that the acquiescence of complainant has been sufficient to preclude his application to remove and restrain the impediment; but it is a material and important circumstance to be considered in weighing conflicting evidence.

The City Court, as stated in the opinion of the presiding judge, was met by evidence "in painful and irreconcilable conflict," and guided by the rule, that it is incumbent on complainant to establish his case, found that he had failed for want of proof. Though in our individual opinion, the space left may seem narrow, and to some extent inconveniently restricted as to the turning of vehicles, and though we might think there is a preponderance of evidence in favor of complainant, if triers of the facts originally, when the dimensions of the unobstructed way are considered in connection with the other evidence; nevertheless, where there is a conflict, the witnesses being about equally balanced as to number and means of information, and acquiescence for several years in a similar obstruction, we can not judicially say, we are clearly convinced, that on the evidence, the finding of the court is erroneous.

Affirmed.