(108 So. 868)

## COLLINS v. ALABAMA POWER CO.
### (6 Div. 671.)

(Supreme Court of Alabama. May 27, 1926.)

**1. Electricity ⬤⟝9(1)—Dwelling house held "obstruction," within grant to power company of right of way with right to prevent obstructions.**

⬤ Under grant of right of way to power company entitling it to operate its lines thereon with right to keep it clear of trees and undergrowth and other "obstructions," *held* that a dwelling house encroaching on company's right of way to point within one of its lines was an obstruction, which it was entitled to have removed.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Obstruct—Obstruction.]

**2. Electricity ⬤⟝9(1)—Grant to power company of right to remove "danger trees" held to mean trees involving threat of injury, including trees becoming dangerous (Code, § 7199).**

Under grant to power company of right of way, with right to remove obstructions and "danger trees" adjacent thereto, danger trees

*held* to mean trees which by reason of size, condition, and contiguity to right of way involved concrete threat of injury to its lines, including trees which had come to be dangerous, since grant was made in view of Code, § 7199.

3. **Electricity** ⬉9(1)—**Power company assumes burden of correctly ascertaining and cutting only "danger trees" adjacent to its right of way.**

Under grant of right of way authorizing power company to remove "danger trees" adjacent to its right of way, power company, in cutting trees assumes burden of correctly ascertaining and only cutting such trees as fairly fall within the grant.

4. **Electricity** ⬉9(1)—**Owner of fee granting right of way to power company can use strip for any purpose not conflicting with paramount rights of company.**

Under grant of right of way to power company for its transmission lines, owner of fee can use strip for any purpose which does not conflict with paramount rights of power company, and subject to such rights may cultivate same and generally use it in any way which does not affect rights of company.

Appeal from Circuit Court, Jefferson County; W. M. Walker, Judge.

Bill in equity by the Alabama Power Company against H. W. Collins, and cross-bill by defendant. From the decree, defendant appeals. Affirmed.

The right of way conveyance involved is, in substance, as follows: .

"J. D. Evans and Ida Evans, his wife, of said county and state, in consideration of the sum of fifty 00/100 ($50.00) dollars, paid by the Alabama Power Company, a corporation, receipt whereof is acknowledged, do hereby grant to said company, its successors and assigns, the right to construct, operate, and maintain electric transmission lines, and all telegraph and telephone lines, towers, poles, and appliances necessary or convenient in connection therewith, upon a strip of land one hundred feet in width, said strip and the lands of which the same is a part being situated in Jefferson county, Alabama, and particularly described as follows: * * * together with all the rights and privileges therein necessary or convenient for the full enjoyment or use thereof, for the purposes above described, including the right of ingress and egress to and from said strip; and also the right to cut and keep clear all trees and undergrowth and other obstruction on said strip, and danger trees adjacent thereto where necessary. To have and to hold the same to the said company, its successors and assigns forever.

"Witness the hands and seals of the grantors this the 20th day of Nov., A. D. 1913."

The agreed statement of facts is substantially as follows: The respondent owns the fee-simple title to the land described in the original bill of complaint, and the lands adjacent thereto, and on either side of the same under a conveyance executed to him by J. D. Evans and Ida Evans, being the same parties who executed the right of way permit to the complainant, described as Exhibit A to the original bill; such deed to the respondent was executed after the execution of the right of way permit above referred to. The only claim which the complainant has in the land described in the bill is a right of way or easement created by the permit granted to complainant by J. D. Evans and Ida Evans, and that Exhibit A to the original bill is a correct copy of such right of way permit, and that the same was properly executed and recorded prior to the conveyance to the respondent by them hereinabove mentioned. At the time of such conveyance to the respondent by J. D. Evans and wife, complainant was in actual occupancy and possession of such right of way.

Respondent is the owner of trees growing upon land adjacent to and on both sides of the right of way described in the original bill by virtue of his ownership of the land upon which such trees are growing. Complainant has constructed on such right of way a transmission line at or near the center thereof and a telephone line extending about 4 feet from one edge of the right of way and within the right of way, also a transmission line on the other edge of the right of way and within the same, and about 4 feet from the edge thereof. On respondent's lands adjoining such right of way, trees are growing which, if they should fall towards complainant's transmission line or telephone line near the edge of such right of way, such trees would fall upon or likely fall upon or against such line or lines and are likely to damage the same. The transmission line constructed at or near the center of the right of way and the telephone lines were so constructed during or about the year 1914. The transmission line near the edge of the right of way was constructed about the year 1924. Some of the trees above referred to on respondent's adjacent lands were at the time of the construction of the telephone line too small to be dangerous to such line by falling or shading, but since that time such trees or some of them have grown to the extent that at this time they have become dangerous to such telephone line, in that they are likely to injure the same by falling upon or shading it. At the time of the construction of the transmission line above referred to near the edge of the right of way there were certain trees situated on the adjacent lands of the respondent which were at that time and now are dangerous to such transmission line, in that they are likely to injure the same by falling upon or shading it. The respondent is in peaceable possession of such adjacent lands upon which such trees are growing and complainant's claim to such land is a right to cut and remove such trees thereon as are now dangerous to complain-

ant's electric lines, either transmission or telephone lines, and such as may become so dangerous to either of such lines throughout the life of such right of way permit.

The defendant under his ownership of the legal title to the land described in the original bill over which the complainant's right of way extends in 1920 constructed a 5-room frame tenant house on his lands adjoining such right of way, but which house extends for 15 feet over and upon the right of way of the complainant described in the original bill. The respondent, at the time of the construction of such house, had notice of complainant's right of way permit, and one of complainant's transmission lines extending along such right of way, crosses a portion of such dwelling house so constructed by such complainant, so that 10 feet of such house extends into the right of way of complainant beyond such transmission line. Defendant also under a claim of right is using, cultivating, and enjoying the surface of the land embraced in complainant's right of way. The top of the house constructed by defendant on such right of way is 25 feet beneath complainant's transmission line running along such right of way, which transmission line has a voltage capacity of 44,000 volts.

Lange, Simpson and Brantley, of Birmingham, for appellant.

The rights of appellee are those conferred by the contract; and those not granted are reserved by the grantor. Since appellant has the fee-simple estate in the lands, and the contract in no manner limits appellant's rights as to placing structures thereon, the decree is in error in holding that appellant has no right to maintain the structure placed upon the land. Alabama G. S. R. Co. v. McWhorter, 202 Ala. 455, 80 So. 839. The decree is also in error in holding the appellee has the right to cut danger trees.

Martin, Thompson, Foster & Turner, of Birmingham, for appellee.

The owner of the servient estate may use the surface of the right of way for any purpose which does not conflict with the paramount rights of the owner of the dominant estate; he may not make any alterations in his property by which the enjoyment of the easement will be materially interfered with. Ala. Power Co. v. Keystone Lime Co., 191 Ala. 58, 67 So. 833, Ann. Cas. 1917C, 878; Ala. Power Co. v. Sides, 212 Ala. 687, 103 So. 859; Ala. Power Co. v. Scott (Ala. App.) 104 So. 873; 19 C. J. 983; S. A. L. Ry. v. Banks, 207 Ala. 194, 92 So. 117; Alex. City Co. v. C. of G., 182 Ala. 516, 62 So. 745. The appellee has the right to cut danger trees by the conveyance and by the statute. Code 1923, §§ 7199, 7019; Wiggins v. Ala. Power Co., ante, p. 160, 107 So. 85.

SAYRE, J. The Alabama Power Company filed its bill under the statute (section 9905 of the Code) to settle its title to a right of way over the land of defendant and to clear up all doubts or disputes concerning the same. Defendant made his answer a cross-bill. The issues thus formed make it necessary to determine the rights of the parties in two respects. These rights depend upon the proper interpretation of the grant of a right of way from Evans and wife, defendant's predecessors in title of the servient estate, to the power company, as affected by the agreed statement of facts upon which the cause was submitted for decree.

Complainant's transmission line is constructed along the center of the right of way. On one side of the way, within its limits, 4 feet from its border, a second line for the transmission of power has been constructed, and on the other side, also 4 feet from the border, a telephone line. Defendant has constructed a 5-room tenant house on his land adjoining the right of way, extending 15 feet over and upon the right of way, so that about 10 feet of the building stands within one of the transmission lines. The transmission line is suspended about 25 feet above the building, and has a capacity of 44,000 volts.

[1] In the trial court it was decreed that defendant had no right to erect or maintain the house upon any part of complainant's right of way. The decree in this respect was properly rendered. Under its grant complainant was entitled to construct, maintain, and operate its transmission lines, and all telegraph and telephone lines, over and upon its right of way, "together with all the rights and privileges therein necessary or convenient for the full enjoyment or use thereof" for the purposes described, "and also the right to cut and keep clear all trees and undergrowth and other obstructions on said strip, and danger trees adjacent thereto where necessary." We think there can be no doubt that the dwelling house, resting in part upon complainant's right of way, is an obstruction such as complainant sought to guard against when it took a grant of its right of way from Evans. It involves, not only an obstruction to complainant's movements along its right of way in the work of maintaining its lines, but also it is so located in relation to its power lines as to constitute a hazard of no small concern to both complainant and the occupants of the building. Moreover, the situation shown by the agreed statement of facts is one which, if acquiesced in by complainant, may be expected, under the peculiar status of law declared in Seaboard Air Line Railway v. Banks, 207 Ala. 194, 92 So. 117, to invite controversy as to right and title, of difficult solution, such as any prudently managed business corporation would seek to avoid.

[2, 3] Another controversy between the parties is as to the true meaning and effect of the stipulation concerning "danger trees," already quoted. The substance of defendant's (appellant's) contention is that the language is too indefinite and uncertain to sustain the decree rendered in the trial court whereby complainant was authorized "to enter upon the 'lands of the respondent adjacent to the right of way of the complainant herein [that is, in the decree] described at any time while using the right of way herein referred to and to cut from such lands of the respondent any trees which are at the time of such cutting dangerous to the works of the complainant, its transmission or telephone lines or other structures." We find no particular difficulty in construing· "danger trees," as did the chancellor, in substance, to mean trees which, by reason of size or condition, and contiguity to complainant's right of way, involve a concrete threat of injury to complainant's transmission or telephone lines, and that trees which have come to be dangerous since the grant are to be included in the class guarded against. The statute, section 7199 of the Code, vests in power companies "the right and authority to remove outside of said rights of way such timber as may injure or endanger by shading, falling, or otherwise, any of its works, and for that purpose may acquire such timber by condemnation," and in Wiggins v. Alabama Power Co., 107 So. 85,[1] this court spoke of trees so authorized to be condemned as "danger trees," rather as a matter about which there could be no doubt. That was a case in which there was a proceeding to condemn according to the statute, while here we have a case involving the construction of a grant, but that, it appears to us, makes not the least difference in the meaning of the language used. We are therefore in agreement with the chancellor in his interpretation of the grant on this point. It only remains to record our opinion that, in cutting trees under this stipulation of the grant, complainant will assume the burden of correctly ascertaining and cutting only such trees as fairly fall within the grant as we have construed it.

[4] The decree further provided that defendant Collins, subject to the easement adjudged, "has the right to use such strip of land for any purpose which does not conflict with the paramount rights of complainant, and, subject to such rights, may cultivate the same, pass along and across it, and generally use it in any way which does not affect the rights of the complainant herein determined." In this the court was correct (Alabama Power Co. v. Keystone Lime Co., 191 Ala. 58, 67 So. 833, Ann. Cas. 1917C, 878), nor is its decree in this respect drawn into question. In this connection see, also, Ala-

bama Power Co. v. Sides, 212 Ala. 687, 103 So. 859.

The decree is affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.