156 So.2d 153

Marshall A. BROWN et ux.

v.

ALABAMA POWER COMPANY.

7 Div. 596.

Supreme Court of Alabama.

Aug. 29, 1963.

468

Merrill, Merrill, Vardaman & Williams, Anniston, for appellants.

Reed & Reed, Hugh Reed, Jr., Centre, Martin, Vogtle, Balch & Bingham, S. Eason Balch and Jas. H. Hancock, Birmingham, for appellee.

HARWOOD, Justice.

This is an appeal from a decree of the Circuit Court of Cherokee County enjoining

the respondent from erecting a house or cottage on certain land upon which the complainant, the Alabama Power Company, owns a flowage easement or an easement to flood the land.

The cause was submitted to the lower court upon the bill of complaint and stipulations. All of the paragraphs of the bill of complaint were admitted to be true except the last two paragraphs. The admitted portions of the bill of complaint and the stipulations show that the Power Company purchased from Mr. and Mrs. B. C. Naugher a fee simple title to certain lands in Cherokee County below the datum plane of 565 feet above mean sea level. In addition to the area conveyed in fee simple, the Naugher's also granted to the Power Company the right to flood other land owned by them up to the datum plane of 572 feet above mean sea level.

Thereafter the Naughers deeded to Marshall A. Brown and Nannie Mae Brown for their lifetime a lot in that portion of their land subject to the appellee's flowage easement.

It was stipulated that the appellants thereafter erected on this lot a dwelling house with a foundation of conventional concrete blocks. The base of the foundation being generally an elevation of 567 feet above mean sea level. It was further stipulated that in the exercise of the flowage easement, which the appellee would from time to time be compelled to exercise under their license from the United States government to erect a dam on the Coosa River, that water would cover a portion of the structure, in that the floor of the house was at a height of 571 feet above mean sea level. Further, any electric wiring below the 572 foot level would be dangerous in the event of overflow, and the plumbing and sewage facilities of the house connected to a septic tank would be completely under water in such event.

Admitted paragraph 11 of the bill of complaint avers that the respondents are threatening to fill a portion of the easement land with dirt in such fashion as to exclude the water therefrom.

Further it is stipulated that on occasions the appellant and friends would sleep overnight in the dwelling.

Upon the summation of the above facts, the court entered a decree finding that:

"* * * the construction, use or occupation by respondents of a dwelling house on the land involved herein which is subject to complainant's said flood easement and the other acts and threatened acts of respondents set forth in paragraphs 10 and 11 of the bill of complaint (a) constitute a material and unlawful interference with complainant's said flood easement, (b) wrongfully restrict and obstruct the full and free enjoyment of such easement by complainant, (c) interfere with and hamper complainant in carrying out its lawful duty of providing flood storage and control required by the license issued to complainant by the Federal Power Commission, (d) unlawfully reduces the flood storage capacity of complainant's reservoir, (e) increase complainant's risk and exposure to claims for damages to property or injury to or death of persons arising out of the full enjoyment by complainant of its flood easement and (f) are causing complainant irreparable injury and harm; * * *."

Upon consideration, the court being of the opinion that the complainant was entitled to the relief prayed for in the bill of complaint, entered a judgment and decree permanently enjoining the respondents from:

"(1) constructing and maintaining a dwelling house on the land involved in this suit (being the land described in Exhibit 'D' to the bill of complaint and also described in that certain deed recorded in the Office of the Judge of Probate of Cherokee County, Alabama, in Book A–45, at page 295), (2) filling any portion of the land involved in this suit with dirt and/or erecting an earth

dike around any portion of such land, (3) interfering with or obstructing complainant from providing the flood storage and control required of complainant by the license issued to it by the Federal Power Commission on October 29, 1957, as amended, and (4) using or improving the land involved· in this suit in any manner which will exclude the waters impounded by complainant's Weiss Dam from any portion of such land or otherwise reducing the flood storage capacity of Weiss Dam reservoir."

From this decree the appellants have perfected their appeal to this court. ·

■■ When, as here, one is granted by an instrument in writing based upon a sufficient consideration a right to overflow or back water upon the land of another, an easement to flood is thereby created, the holder of the easement having dominant estate; and the owner of the land possessing the servient estate. Atlanta & B. Air Line Ry. v. Wood, 160 Ala. 657, 49 So. 426; 93 C.J.S. Waters § 27. One who purchases land subject to, or with notice of, an easement takes the estate subject to such easement. Scheuer v. Britt, 217 Ala. 196, 115 So. 237.

■ The owner of the servient estate must abstain from acts interfering with the proper enjoyment of the easement by the owner of the dominant estate. Collins v. Alabama. Power Company, 214 Ala. 643, 108 So. 868, 46 A.L.R. 1459, and a court · of equity has jurisdiction to enjoin the obstruction of private easements and to require the removal of such obstructions. Potts v. Water Works Board City of Aliceville, 267 Ala. 46; 100 So.2d 16.

In Phillips v. Watuppa Reservoir Co., 184 Mass. 404, 68 N.E. 848, the court held that an easement to flood certain land precluded the right of the servient land owner to fill in his land in such a way as to exclude water from the servient estate.

Later; in Clifton v. Watuppa Reservoir Co., 243 Mass. 198, 137 N.E. 362, the defendant constructed a dam and reservoir after obtaining from one of the plaintiff's predecessors in title, the right to flood the lands in question. When the plaintiff purchased the subject land there was upon it certain wooden buildings and walks resting upon pilings. The plaintiff's buildings being damaged by the reservoir water, he sued and recovered a judgment in the lower court. In reversing this judgment the Supreme Judicial Court of Massachusetts wrote:

"* * * The difference between this mode [the erection of the buildings on pilings] and the filling in of the whole area, followed by the erection of buildings thereon, would be merely one of degree in its limitation of the defendant's right of unobstructed flowage. The erection and maintenance of the buildings which were annexed to the soil [by pilings] constituted an unlawful interference with the dominant easement, and the plaintiff cannot recover without proof of intentional in- jury, of which there is no evidence. * * *"

Thus the Massachusetts court concluded that pilings placed on a servient estate was sufficient in degree to be considered an interference with the defendant's easement to flood the land in question.

Our own court in Collins v. Alabama Power Co., 214 Ala. 643, 108 So. 868, concluded that the construction of a dwelling house by the owner of the servient estate which extended 15 feet over and upon the 100 foot wide easement for transmission line purposes across the appellant's land, was an interference with the transmission easement, the court stating:

"* * * We·think there can be no doubt that the dwelling house, resting in part upon complainant's right of way, is an obstruction such as complainant sought to guard against when it took a grant of its right of way from Evans. It involves, not only an obstruction to complainant's movements along its right of way in the work of maintaining its lines, but also it is so located in re-

lation to its power lines as to constitute a hazard of no small concern to both complainant and the occupants of the building. Moreover, the situation shown by the agreed statement of facts is one which, if acquiesced in by complainant, may be expected, under the peculiar status of law declared in Seaboard Air Line Railway v. Banks, 207 Ala. 194, 92 So. 117, to invite controversy as to right and title, of difficult solution, such as any prudently managed business corporation would seek to avoid."

In Hays v. State (Tex.Civ.App.1960), 342 S.W.2d 167, the Texas court concluded that the servient owner of an estate had no right to remove dirt from or add dirt to the area of an easement over the objection of the easement owner.

█ It is noted that in the stipulation signed by the parties it is stated that while the exercise of the flood easement owned by the complainant would likely damage certain of the furniture and fixtures or any electric wiring which is placed below the 572 foot datum plane elevation, the respondents stated "That they expect to make no claim against complainant for such damage." This expression of a future state of mind, unsupported by any consideration is of no legal efficacy. Even so, the complainant would not be protected by possible claims for damages from exercising their right to flood which might be made by guests or invitees of the respondents below.

Further, should the possession of the respondents below be construed to be a claim hostile and adverse to the plaintiff's easement to flood such adverse holding might ripen into an estate nullifying the complainant's clear right to the enjoyment of its easement. Seaboard Air Line Ry. v. Banks, 207 Ala. 194, 92 So. 117. As stated in Collins v. Alabama Power Company, supra, "[T]o invite controversy as to right and title, of difficult solution" is the situation that any prudently managed business corporation would seek to avoid.

Should the appellants' claim be upheld, then there is no reason why everyone having a servient estate could not nullify an easement to flood by placing on the servient estate buildings or dikes or fills which would completely destroy, by preventing water from coming on the servient estate, the easement to flood such servient estate. That such obstruction is of minor degree furnishes no standard for justification if the obstruction clearly be an interference with the enjoyment of the easement. The lower court was fully justified in its conclusions and its judgment and decree rendered, and affirmance of the judgment is in order.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and MERRILL, JJ., concur.