This is an appeal from a final decree entered in favor of appellee, Alabama Power Company, against appellants, J.H. Snider, Gartice Snider, H.M. Fagan, Jr., Leola Fagan, and Mrs. W.E. Thompson. We affirm.
On September 8, 1972, Alabama Power Company filed a bill of complaint in the circuit court of Calhoun County, in equity, against appellants, seeking to enjoin them from interfering with Alabama Power's electric transmission line easement and to require appellants to remove a commercial building from the easement. It is undisputed that appellants constructed, in 1972, and presently maintain and own, the building in question, and that this building is situated directly under Alabama Power's 44,000 volt transmission line.
Alabama Power claims ownership of the right of way through a 1915 deed and, alternatively through prescription. By instrument, dated September 16, 1915, Thomas Owens conveyed a transmission line easement to Alabama Power over and across the following land in Calhoun County:
 "Vacant lot or parcel of land at Weaver's Station located on the South side of the public road and bounded on the east by a lot with Storehouse on it belonging to J.H. Fite, on the South by an alley, on the west by lot with storehouse on it known as Elgan Store. Said lot being a part of the NE 1/4 of NE 1/4 of Sec. 5, T 15, R. 8 E."
Appellants point out, however, that the property description contained in the 1915 deed shows the easement to be in the NE 1/4 of the NE 1/4 of Section 5, Township 15, Range 8 East, whereas in paragraph 5 of Alabama Power's complaint, the easement is shown to be in the NE 1/4 of the SE 1/4 of Section 5, Township 15 South, Range 8 East. Even though the description in the 1915 conveyance recites that the lot is in the "NE 1/4 of NE 1/4 of Sec. 5 . . .," Alabama Power contends that the numerous exhibits and testimony introduced during the trial below establish that the correct description of the lot was located in the NE 1/4 of the SE 1/4 of Sec. 5.
The trial court, after hearing the evidence ore tenus, ruled in favor of Alabama Power and ordered appellants to remove the building from Alabama Power's right of way. The final decree of the lower court reads, in pertinent part:
 "1. The plaintiff, Alabama Power Company, is the owner of an easement or right of way over the strip of land described in Paragraph 5 of the Bill of Complaint filed herein; that said right of way or easement is for the purpose of constructing, operating and maintaining electric transmission lines and appliances necessary or convenient in connection therewith; that the width of such easement or right of way, though not stated in the instrument granting the right of way to plaintiff, is thirty (30) feet and that such width is a reasonable, convenient, *Page 948 
and accessible width for the right of way and uses thereof.
 "2. That the plaintiff, Alabama Power Company, is the owner of the right of way thirty (30) feet in width described below and in Paragraph 5 of the Bill of Complaint through the conveyance from Thomas Owens by deed dated September 16, 1915, and recorded in Book 177, Page 512 in the office of the Judge of Probate of Calhoun County, Alabama; and in the alternative, through prescription; said right of way being described as follows: (Description).
 "3. That the defendants, J.H. Snider and H.M. Fagan, constructed or had constructed a concrete block building and related facilities designed and intended to be used for commercial purposes on the land involved in this suit at a point almost directly beneath the 44,000 volt transmission line of plaintiff; that said structure conflicts with and materially interferes with the paramount rights of plaintiff to maintain the right of way for the purposes stated in that: (a) such structure constitutes a hazard to plaintiff's transmission lines; (b) restricts and obstructs the full and free enjoyment of said easement; (c) may, if allowed to continue for the descriptive period, extinguish pro tanto, a portion of plaintiff's right of way area; and (d) increases plaintiff's risk of and exposure to claims for damage to property, injury or death of persons arising out of full enjoyment by plaintiff of its right of way across the land of defendants.
 "It is, therefore, ORDERED, ADJUDGED and DECREED by the Court as follows:
 "1. The relief prayed for by plaintiff in its Bill of Complaint be and the same is hereby allowed.
 "2. Plaintiff, Alabama Power Company, is the owner of an easement or right of way thirty (30) feet in width as described in Paragraph 5 of its Bill of Complaint filed herein and such title in plaintiff is forever determined and quieted against defendants and anyone claiming under defendants or any of them.
 "3. Defendants, J.H. Snider and H.M. Fagan, Jr. and their respective wives, agents, servants, employees, successors and assigns, and all persons in active concert or participation with them, be and the same are hereby:
 "(a) permanently enjoined and restrained from maintaining or allowing to remain on plaintiff's said right of way or easement any building or any portion of any building, structure, shed or improvement which encroaches upon, exists on or extends over onto the plaintiff's said right of way; and
 "(b) The said defendants, Mr. and Mrs. J.H. Snider and Mr. and Mrs. H.M. Fagan, Jr., are hereby commanded, ordered and directed to remove or have removed from the plaintiff's said right of way area, without expense to the plaintiff, said concrete block structure and the facilities thereto attached and any and all buildings, sheds or improvements now existing within such right of way as hereinbefore described and that such removal shall be completed not later than 45 days from the date of the decree, all at the expense of the said defendants."
The basic issue to be determined is whether there is sufficient evidence to support the lower court's finding that Alabama Power acquired an easement or right of way across the property of the appellants by deed or prescription, and if so, does the appellants' use of the servient estate interfere with the Alabama Power's use of the right of way?
Alabama Power concedes that the description in the 1915 deed contains two incorrect designations. The two errors contained in the description are:
(1) The description recites that the lot is in the NE 1/4 ofNE 1/4 of Sec. 5, when in fact, the lot is situated in the NE 1/4 of the SE 1/4 of Sec. 5; and
(2) The description recites that the lot is bounded on theeast by a lot with storehouse on it belonging to J.H. Fite, when the lot belonging to J.H. Fite was located on the west
side of the lot. *Page 949 
It is Alabama Power's position that the improper designation of the quarter-quarter section in the deed is self-correcting through other particular references in the description, such as the reference to "Weaver's Station," Alabama; and that the improper designation of J.H. Fite's store as being on the east
rather than to the west of the lot in question should be disregarded in favor of the other correct and consistent portions of the description.
In reviewing the reconstructed record, we find that there is sufficient evidence to support the trial court's finding that the 1915 deed to Alabama Power constituted a valid grant of a right of way to Alabama Power. In addition, we find that there is sufficient evidence to support the lower court's finding that Alabama Power established ownership through prescription.
Appellants contend that Alabama Power is claiming a 30 foot right of way across appellants' business property and since the total width of their lot is 42 feet, they would be left with only 12 feet frontage on Main Street. Appellants contend that there is ample room on each side of appellants' building to place equipment in order to safely maintain and repair the transmission line. Alabama Power concedes that the exact location of the right of way is not described by metes and bounds in the 1915 deed, but claims that it is entitled to the 30 feet under the authority of Alabama Power Co. v. Ray,260 Ala. 506, 71 So.2d 91 (1954), in which this Court stated:
 "When a conveyance of a right of way does not describe or define it by metes and bounds, the grantee is entitled to a convenient, reasonable and accessible way, dependent upon the condition of the place and the purpose for which it was intended and the nature of the acts of those having the right of user, and reasonable as respects the rights of the grantor, as well as the grantee. Birmingham Realty Co. v. Birmingham Belt R. Co., 250 Ala. 623, 35 So.2d 503; Ellard v. Goodall, 203 Ala. 476, 83 So. 568; Western Union Tel. Co. v. Louisville N.R. Co., 202 Ala. 542, 81 So. 44; Looney v. Blackwood, [224 Ala. 342, 140 So. 400], supra; Long v. Gill, [80 Ala. 408] supra." 260 Ala. at 509, 71 So.2d at 93.
Alabama Power offered ample evidence to establish what would constitute a reasonable, convenient and accessible way, which we find sufficient to support the trial court's finding that, under the circumstances of this case, a reasonable, convenient and accessible right of way at the location in question requires a width of 30 feet.
There can be no question concerning the intended purposes of this right of way as they are clearly stated in the granting instrument, which read:
 "* * * the right to construct, operate and maintain its lines of poles and towers, as located by the final location survey heretofore made by said Company, for the transmission of electric power, with the right to string thereon from time to time electric power and telephone wires upon, over and across the following described land situated in Calhoun County, Alabama. . . .
* * * * * *
 "Together with all the rights and privileges necessary or convenient for the full enjoyment or use thereof, including the right of ingress and egress to and from said lines; and also the right to cut and keep clear all trees that may injure or endanger said lines.
 "TO HAVE AND TO HOLD the same to the said Company, its successors and assigns forever."
Alabama Power contends that appellants, as owners of the servient estate, may use their lot in any manner for any purpose consistent with the enjoyment of the easement of Alabama Power, the owner of the dominant estate, but appellants must abstain from any acts inconsistent with the proper enjoyment of the easement by Alabama Power Co. Brown v. AlabamaPower Co., 275 Ala. 467, 156 So.2d 153 (1963); Collins v.Alabama Power Co., 214 Ala. 643, 108 So. 868 (1926).
The trial court correctly found that the construction of the appellants' building *Page 950 
in the right of way directly beneath the 44,000 volt transmission line would constitute (a) a material and unlawful interference with the prior subsisting dominant right of way of Alabama Power over the lot; (b) wrongfully restrict and obstruct the full and free enjoyment of said right by Alabama Power; (c) unlawfully reduce the right of way area of Alabama Power; (d) may, if allowed to continue for the prescriptive period, extinguish a portion of Alabama Power's right of way area, and (e) increase Alabama Power's risk of and exposure to claims for damages to property or injury to or death of persons arising out of the full enjoyment by Alabama Power of its right of way over this lot.
Appellants contend that they had a right to a trial by jury. We disagree. The complaint filed by Alabama Power prayed for a permanent injunction ordering appellants to remove a concrete block building from its electric transmission line right of way. Clearly, the circuit court had jurisdiction to enjoin the obstruction of a private easement. Brown v. Alabama PowerCompany, supra; Alabama Power Company v. Ray, supra.
Appellants further contend that the transcript in the case at bar was never prepared and the court reporter destroyed his notes of the proceedings and, although the parties had made an effort to reconstruct a record, it is "almost an impossibility to reconstruct a record of what went on at the time." Accordingly, appellants claim that the trial court erred in not granting them a new trial.
Pursuant to an order of this Court dated August 3, 1976, the parties reconstructed a new record. Under the circumstances, reconstruction of the record on appeal by the parties is an accepted procedure when the official record is unavailable. Rule 10 (d) and (e), ARAP.
The judgment of the trial court is affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, SHORES and BEATTY, JJ., concur.