Magna, Inc., is the owner in fee of a parcel of real estate with a building on it *Page 913 
that is subject to a long-term lease to Delchamps, Inc. Delchamps, Inc. has subleased the property to Masland Carpets, a factory carpet outlet store; and Masland is in possession of the building (the lot and building are hereinafter referred to as the "Masland building"). Magna has, by virtue of a deed of conveyance to it, a permanent, non-exclusive easement for the purposes of ingress and egress and the parking of vehicles over a parcel of land adjacent to the Masland building. The conveyance, in pertinent part, is as follows:
 "Grantors do hereby GRANT, BARGAIN, SELL AND CONVEY unto the Grantee permanent nonexclusive easements . . ., each of which shall be, and shall be construed as, a covenant running with the land herein described, each running in favor of said Grantee, its licensees, invitees, tenants, successors and assigns, for the uses and purposes, and in, over, across, upon and with respect to, the respective parcels of land in Mobile County, Alabama, as follows:
". . .
 "(b) For the purposes of ingress and egress, and the parking of vehicles, and connection of utility lines, etc., over that parcel of land described as follows: [here is set out a metes and bounds description of property between Azalea Road and the Masland building]."
Nick T. Catranis and Ethel Catranis own a shopping center adjacent to the Masland building and own the fee of the property that is subject to Magna's easement.
Without the consent of Magna, the Catranises leased to First Southern Federal Savings and Loan Association a portion of the property that is subservient to Magna's easement, for First Southern's use as an automatic teller kiosk. The kiosk was constructed and is presently in operation. Magna filed suit to enjoin the maintenance and continuance of this kiosk and for an accounting for the rents or sums paid and received by the Catranises for the erection and use of the kiosk "in violation of and interference with 'Magna, Inc.'s' easements for free and untrammeled parking for tenants, customers, employees and the public."
Magna filed a motion for summary judgment. All of the pertinent deeds and leases, and the deposition and affidavit of Bankruptcy Judge G.B. Kahn (an officer, director, and stockholder of Magna) were before the trial court for its consideration in ruling on this motion. An affidavit of Mr. Catranis was filed in opposition to the motion. In this affidavit he stated that, since the construction of the kiosk, there has been adequate parking to meet the parking needs of Magna's tenant; that at no time has the parking area been filled to capacity; and that the access drives and curb cuts to Azalea Road have not been changed. The trial court found that Magna was not entitled to the relief prayed for, since the parking area available on the property subject to Magna's easement is many times greater than the amount of parking needed or used by Magna's tenant, and because the kiosk, which occupies approximately eight (8) parking spaces has not interfered with either access or parking. The trial court dismissed Magna's complaint with prejudice. This ruling was made final pursuant to Rule 54(b), Ala.R.Civ.P. Magna appeals. We reverse and remand.
An easement is property, 2 Thompson on Real Property 3, § 315 (1980); 2 American Law of Property 236, §§ 8, 10 (1952); and it comes within the constitutional provision that no person shall be deprived of his property without due process. Thompson v.Andrews, 39 S.D. 477, 165 N.W. 9 (1917).
The owner of a servient estate must abstain from acts interfering with or inconsistent with the proper enjoyment of the easement by the owner of the dominant estate. Snider v.Alabama Power Co., 346 So.2d 946 (Ala. 1977); Alabama Power Co.v. Martin, 341 So.2d 695 (Ala. 1977). The fact that an obstruction to an easement is of a minor degree furnishes no standard for justification if the obstruction clearly interferes with the enjoyment of the easement. Brown v. AlabamaPower Co., 275 Ala. 467, 471, 156 So.2d 153, 157 (1963).
Magna and its licensees, invitees, tenants, successors, and assigns, have the non-exclusive right to use each square foot *Page 914 
of the property on which it has an easement for ingress and egress and parking of vehicles. This is a propertyright. Our respect for property rights will not permit us to diminish or reduce Magna's rights simply because neither Magna nor its tenant needs all the property to which it has property rights. Certainly, our federal and state constitutions protect such rights and would prohibit judicial deprivation or diminution of such rights based solely upon a judicial determination of an owner's lack of need for such property. The implications of a contrary result would be frightening.
The Catranises had no right to lease a portion of the property subject to Magna's easement relieved of the burden imposed upon the property by that easement, without the consent of Magna. The trial court erred when it dismissed this cause.
The proper measure of damages, if any, is "the injury sustained by plaintiff through the loss of use of the easement during continuance of the obstruction," 25 Am.Jur.2d,Easements and Licenses § 122 (1963). Magna would not be entitled to a proportionate amount of the rent paid to the Catranises by First Southern Federal. Magna is not a party to the lease and would have no standing to sue to enforce this contract. Rush v. Thomas Duckett Construction Co.,380 So.2d 762 (Ala. 1979). Nor could Magna recover a proportionate amount of such rent under a third-party beneficiary theory, for, to so recover, Magna would have to establish that the contract was for its direct, as opposed to its incidental, benefit. Mills v.Welk, 470 So.2d 1226, 1228 (Ala. 1985); Haddox v. First AlabamaBank, 449 So.2d 1226, 1229 (Ala. 1984).
The judgment is reversed and the cause remanded for action consistent with this opinion.
REVERSED AND REMANDED.
MADDOX, ALMON, BEATTY and ADAMS, JJ., concur.