MADDOX, Justice.
This appeal involves an easement and the right of the holder of the easement to require the owner of the servient estate to remove a TV satellite antenna (sometimes *381 called a “dish”), that encroaches onto a 50-foot-wide strip of land subject to the easement.
Plaintiffs, Homer and Mary McGuire, sued Chuck and Mary Lawrence, claiming that the Lawrences trespassed when they erected the TV satellite antenna, which they contended prevented them from utilizing the rights granted to them under the terms of the original grant, i.e. “a free and uninterrupted means of ingress and egress” and “the right to construct, maintain and use roads on, over and across rights of way.”
The plaintiffs requested injunctive relief against any further trespasses by the Law-rences; ejectment of the Lawrences from the area subject to the easement; and compensatory and punitive damages for the intentional infliction of emotional distress. Defendants moved for a summary judgment, which the trial court granted in their favor. Plaintiffs appealed.
FACTS
In 1946, the Tennessee Valley Authority (TVA), as agent for the United States, at public auction, sold a tract of land in Colbert County to four grantees, one of whom was Homer McGuire, one of the plaintiffs below, and executed a special warranty deed, which contained, inter alia, the following pertinent provisions:
“FURTHERMORE, to afford a free and uninterrupted means of ingress and egress to and from the land above described, the Grantor hereby conveys to the Grantee, with any others who may be designated by the Grantor, the right to construct, maintain, and use roads on, over and across rights of way, ... [description of the subject right-of-way and other provisions not necessary to a decision in this case] together with the right to do the necessary work of construction and maintenance of said roads and the necessary work in connection with the maintenance of any drainage ditches and other road appurtenances lying outside of but adjacent to the limits of the rights of way.”
The location of the property subject to the easement is shown by the attached diagram (Appendix A), which is not drawn to scale.
As shown on the diagram, the south line of the Lawrences’ lot is the city limit line dividing Sheffield and Tuscumbia, Alabama. The Lawrences’ lot is in Sheffield; the southernmost 25 feet of their lot is burdened by the easement.
As shown by the diagram also, the property subject to the easement is a 50-foot strip of land running westwardly from the southeast corner of the Lawrences’ lot a distance of approximately 2,620 feet to River Drive, a paved road; one-half of the 50-foot strip is in the city of Sheffield and the other half is in the city of Tuscumbia.
The satellite dish, located on the northern edge of the easement, extends approximately three to four feet out into the area subject to the easement.
The dispute between the parties over their respective rights apparently developed when the McGuires attempted to exercise the rights granted to them and hired a contractor to construct a roadway for ingress to and egress from a planned subdivision known as “The Meadows.” That subdivision apparently consists of those parcels labelled 1-4 on Appendix A.
There was evidence presented that Mr. McGuire intended to construct a road on the easement property to connect with Woodridge Drive. The road would include a portion of the Lawrences’ lot, which was admittedly burdened by the easement. The Lawrences had not only placed the TV satellite antenna on the easement, but had also planted crops on the easement and put a fence around the crops. The Lawrences later moved the fence and the crops, but refused to move the satellite antenna.
Dr. Lawrence, in an affidavit, swore that he had no desire to prevent any improvements upon the easement, and that he had notified the McGuires to this effect and that if they ever wanted to open up and improve the easement, he would remove any property of his located on it, but that no one, including the plaintiffs, had attempted to improve the easement. The *382 McGuires dispute Dr. Lawrence's affidavit. They contend that on several occasions they notified the Lawrences of their intentions. Mr. McGuire attached to his affidavit in opposition to the motion for summary judgment two letters written by his counsel to Dr. Lawrence in which counsel did notify Dr. Lawrence of Mr. McGuire’s intentions.
At the hearing on the Lawrences’ motion for summary judgment, counsel for the Lawrences introduced affidavits from Dale Nesbitt, secretary of the Tuscumbia Planning Commission, and Joan Fountain, assistant clerk of the city of Sheffield. Nes-bitt’s affidavit states that the McGuires’ plan for The Meadows Subdivision in the city of Tuscumbia had not been approved, and that because 25 feet of the proposed road would be located in the city of Sheffield, the McGuires would have to get approval from the Sheffield Planning Commission. Fountain stated that no plan or proposal by the McGuires had been presented to the Sheffield Planning Commission.
The trial court granted the Lawrences’ motion for summary judgment, but in his order stated no reasons for doing so. Apparently, the trial judge was of the opinion that both the cities of Tuscumbia and Sheffield would have to approve the construction of a road on the easement, and that the Lawrences, therefore, were not presently prohibited from maintaining the satellite dish on the easement. The trial judge may have been of the opinion that the location of the satellite dish on the easement did not unreasonably interfere, as a matter of law, with the plaintiffs’ enjoyment and use of the easement for ingress and egress. The latter is the reason given by the Lawrences to sustain the judgment in their favor.
I
The standard that this Court must apply when reviewing a summary judgment is well established. This Court must review the record in a light most favorable to the nonmoving party, here the appellants, and determine whether there was a scintilla of evidence to support that party’s position. Once a motion for summary judgment is supported as provided under Rule 56(e), Ala.R.Civ.P., it is due to be granted “unless the adverse party makes an evidentiary showing in opposition to show that there is a genuine issue of fact for trial.” Owens v. National Sec. of Alabama, Inc., 454 So.2d 1387 (Ala.1984). The nonmoving party need only establish, by presenting sufficient evidence, that there is a genuine issue of material fact yet to be resolved.
II
Defendants’ argument that summary judgment was appropriate is summed up in their statement of the legal “issue” in their brief:
“Whether it was error for the trial court to grant the motion for summary judgment in favor of the defendants where the evidence presented to the court proved that (1) the use by defendants of their property was not unreasonable and has not interfered with the right of ingress and egress to property owned by plaintiffs and (2) the action was premature on the issue of whether a satellite dish owned by defendants would interfere with a road plaintiffs might build in the future over said easement where it was established that plaintiffs have not obtained permission from both the cities of Sheffield and Tuscumbia, Alabama to build said road as required by law, and also testified that they do not intend to build said road prior to approval of the cities.”
Plaintiffs argue that the construction of a private road would not require approval of either city, and that Code 1975, § 11-52-11, which requires commission approval, refers only to public streets or public ways.
The defendants do not deny that the plaintiffs “have the right to traverse said easement for ingress and egress to and from their property,” but they contend that they “own the fee simple title to the land which is subject to a twenty-five foot easement,” and that “[a]s servient owner, [they] are not prevented from using their property for any purpose merely because it *383 is subject to the easement.” They contend that they are only “prevented by law from unreasonably interfering with the use of the easement by another party who has a right to use it,” citing Loveman v. Lay, 271 Ala. 385, 124 So.2d 93 (1960). In their brief, they argue:
“In the case made the subject of this action, the plaintiffs’ property is raw land, undeveloped and not used for farming or any other purpose. Plaintiffs have access to their property from at least three and possibly four different directions by easement. They may enter from the west end of the easement beginning at River Drive; they may enter from the east end of the easement at the end of Woodridge Drive beside defendants’ home; also there is a north-south easement fifty feet wide on the eastern side of plaintiffs’ property known as Graham Avenue which plaintiffs may use. Plaintiffs can traverse the entire east-west easement by pick-up truck or tractor, and have been able to do so since before defendants purchased the house where they live.”
Ill
In M & M Inv. Co. v. Regency Oaks Apartments, 517 So.2d 591 (Ala.1987), this Court considered a case involving the propriety of the grant of summary judgment in a case involving an easement strikingly similar to the one involved here. In that case, the pertinent provisions of the instruments creating the rights of the parties are discussed as follows:
“We begin by setting forth the easement provisions of the two documents in question. We quote from the lease between Davis, as lessor, and M & M, as lessee:
“ ‘The Lessor herein reserves and retains an easement for the purpose of ingress and egress over, across and upon a strip of land fifty feet in width extending from the north side of 15th Street across the east side of said property to the north line of the property herein leased. This easement is for the purpose of free access over and across said property from 15th Street to the property owned by Lessor north of the property herein leased and may be improved by Lessor in any manner he sees fit.’
“We quote from the deed from Davis, as grantor, to Regency, as grantee:
“ ‘ALSO, a permanent easement with the right of ingress and egress and travel over and upon a strip of land fifty (50) feet in width lying along the north boundary of 15th Street and running back of uniform width a distance of 200 feet to the south line of the property hereinabove described and conveyed; said easement being more particularly described as follows:’ ”
517 So.2d at 593.
This Court then wrote, in pertinent part, as follows:
“A close reading of these easement provisions discloses two essential differences in the separate documents: 1) The easement in the lease is an interest reserved in the lessor, who continues to own the fee, while the easement in the deed is an interest in a portion of the leased property, granted by the owner to the grantee (the new owner) of the property described in the deed; and 2) the last clause of the easement language in the lease, ‘may be improved by the lessor in any manner he sees fit,’ is not contained in the easement language in the deed.”
517 So.2d at 593.
In M & M Inv. Co., this Court stated the following with regard to the easement held by Alabama Power Company to construct and maintain its facilities:
“We turn now to the propriety of the summary judgment in favor of APCo. It is settled law that the right of easement carries with it the right of a utility company to construct and maintain its facilities upon and over the property within the confines of the easement, unless the exercise of this right is so arbitrary as to unnecessarily and unreasonably interfere with the owner’s right of reasonable use of his own property. See Alabama Pow *384 er Co. v. Taunton, 465 So.2d 1105 (Ala.1984).”
517 So.2d at 596.
This Court stated the general principles of law applicable in M & M as follows:
“The applicable principles of law were laid down in the early case of Long v. Gill, 80 Ala. 408 (1885):
“ ‘The terms of the grant, considered in reference to the locality and situation of the premises, do not operate to pass a right to the unobstructed use of the entire lot described — such as a right of way over a street or a strip of land appropriated to the purposes of a street — but to the convenient use of so much as may be necessary to the purposes intended by the grant....
From the circumstances and the situation of the premises, evidently the intention was to provide a mode of ingress and egress for the purpose of receiving and delivering goods and other articles of use at the rear end of the store. The easement extends to the convenient use of the land for vehicles or conveyances, such as may be reasonably required. The complainant therefore is entitled to a way reasonably convenient for the employment of conveyances, such as are usually and generally employed in transporting goods to and from stores. But the ovmer of the soil is entitled to all the rights, benefits, and privileges of ownership, consistent with and subject to such easement....
“ ‘... As the City Court adjudged the rights of complainant in unison with these views, the case is reduced to a question of fact — whether the obstruction abridges or impedes the reasonable and convenient use of the right of way for the purposes intended, and for which it was granted?’ (Emphasis supplied [in M & M].)
“Long v. Gill, supra, 80 Ala. at 409-10.
“Using Long as its authority, A.L.R.2d summarizes the rule:
“ ‘A grant or reservation of a right of way “over” a particular area, strip, or parcel of ground is not ordinarily to be construed as providing a way as broad as the ground referred to.’
“28 A.L.R.2d 265, § 7.”
517 So.2d at 595.
In Magna, Inc. v. Catranis, 512 So.2d 912 (Ala.1987), this Court discussed the rights that exist between the owner of the dominant estate and the owner of the ser-vient estate, as follows:
“An easement is property, 2 Thompson on Real Property 3, § 315 (1980); 2 American Law of Property 236, §§ 8, 10 (1952); and it comes within the constitutional provision that no person shall be deprived of his property without due process. Thompson v. Andrews, 39 S.D. 477, 165 N.W. 9 (1917).
“The owner of a servient estate must abstain from acts interfering with or inconsistent with the proper enjoyment of the easement by the owner of the dominant estate. Snider v. Alabama Power Co., 346 So.2d 946 (Ala.1977); Alabama Power Co. v. Martin, 341 So.2d 695 (Ala.1977). The fact that an obstruction to an easement is of a minor degree furnishes no standard for justification if the obstruction clearly interferes with the enjoyment of the easement. Brown v. Alabama Power Co., 275 Ala. 467, 471, 156 So.2d 153, 157 (1963).”
512 So.2d at 913.
Magna involved a parcel of property that was subject to an easement for parking. Without consent of the holder of the easement, the owner of the servient estate leased to a savings and loan association a portion of the parking lot for the association’s use with an automatic teller kiosk. There, this Court held that the fact that the owner of the dominant estate and its tenants did not need all the property subject to the easement did not justify a deprivation or diminution of the dominant estate owner’s property rights.
Based on the principles of law set forth in Magna and M & M Inv. Co., we hold that the trial court erred in determining, as a matter of law, that the Lawrences could maintain the TV satellite dish upon the easement. We call the Court’s attention to the fact that the McGuires not only have a right of ingress and egress but are autho *385 rized to “construct, maintain, and use roads on, over and across rights of way, ... together with the right to do the necessary work of construction and maintenance of said roads and the necessary work in connection with the maintenance of any drainage ditches and other road appurtenances lying outside of but adjacent to the limits of the rights of way.” (Emphasis added.)
The judgment of the trial court is due to be, and it is hereby, reversed and the cause remanded.
REVERSED AND REMANDED.
TORBERT, C.J., and ALMON, BEATTY and HOUSTON, JJ., concur.
*386 APPENDIX A
[[Image here]]