In Magna, Inc. v. Catranis, 512 So.2d 912, 913 (Ala. 1987), we held:
 "An easement is property, 2 Thompson on Real Property 3, § 315 (1980); 2 American Law of Property, 236, § 8, 10 (1952); and it comes within the constitutional provision that no person shall be deprived of his property without due process. Thompson v. Andrews, 39 S.D. 477, 165 N.W. 9
(1917).
 "The owner of a servient estate must abstain from acts interfering with or inconsistent with the proper enjoyment of an easement by the owner of the dominant estate. Snider v. Alabama Power Co., 346 So.2d 946 (Ala. 1977); Alabama Power Co. v. Martin, 341 So.2d 695 (Ala. 1977)."
Alabama Power Company has the right to flood each square foot of the property on which it has a floodage easement. This is a property right. My respect for property rights will not permit me to diminish or reduce Alabama Power Company's rights simply because it does not need to use at all times all of the property to which it has property rights. Our federal and state constitutions protect such rights and would prohibit judicial deprivation or diminution of such rights based solely upon a judicial determination that in depriving the owner of that property right it can "adjust the equities." I would reverse and remand on the authority of Magna, Inc. v. Catranis, supra;McGuire v. Lawrence, 523 So.2d 380 (Ala. 1988); Snider v.Alabama Power Co., 346 So.2d 946 (Ala. 1977); Brown v. *Page 163 Alabama Power Co., 275 Ala. 467, 156 So.2d 153 (1963).
MADDOX, J., concurs.