In this case, we are not dealing with a way of necessity, as we were in Oyler v. Gilliland, 382 So.2d 517 (Ala. 1980). We are dealing with an express reservation of a right-of-way in a deed — a property right. Magna, Inc. v. Catranis,512 So.2d 912 (Ala. 1987). The deed describes the right-of-way ("the lanes and roads now established on the above described property . . . for the purpose of having access to such part or portion of the land and premises of the grantors as may by the conveyance of the herein described tract or parcel of land, be cut off from the rest of the land and premises of the grantors, their heirs, or assigns"). I do not view this as a limitation on the grantors' property right in this easement. Access to the Lawrences' property by means of the right-of-way over the Pate property did not cease to exist solely because the Lawrences purchased other property that would give them a different means of access to their property; the Lawrences did not abandon the right-of-way; and there is nothing in the record to show that it was impossible to have access to their property by means of the right-of-way (Tatum v. Green, 535 So.2d 87, 88 (Ala. 1988)).
An easement is a property right. As this Court wrote inMagna, 512 So.2d at 914:
 "Certainly, our federal and state constitutions protect such rights and would prohibit judicial deprivation or diminution of such rights based solely upon a judicial determination of an owner's lack of need for such property. The implications of a contrary result would be frightening."