71 So.2d 91

**ALABAMA POWER CO.   v.   RAY et al.**

**6 Div. 529.**

Supreme Court of Alabama.

March 18, 1954.

McQueen & McQueen, John D. McQueen, Jr., Tuscaloosa, Martin, Turner, Blakey & Bouldin, Fred Blanton, Birmingham, for appellant.

A. K. Callahan, Tuscaloosa, for appellees.

LAWSON, Justice.

This proceeding was filed in the circuit court of Tuscaloosa County, in equity, by Alabama Power Company, a corporation, against R. M. Ray and Myrtle Boyd Ray.

Complainant prays for a decree requiring the respondents to remove a building which the bill alleges was constructed by the respondents at a place on complainant's right of way so as to constitute a fire hazard to complainant's transmission lines.

From a decree sustaining the respondents' demurrer, the complainant has appealed to this court. The trial court sustained the demurrer without designating the ground or grounds thereof which were considered well taken. A demurrer is a single entity and if one ground is good a decree sustaining the demurrer is correct. Ellis v. Stickney, 253 Ala. 86, 42 So.2d 779.

It is settled that the equity courts of this state have jurisdiction to enjoin the obstruction of a private easement and to require the removal of such obstruction. West v. West, 252 Ala. 296, 40 So.2d 873; Birmingham Trust & Savings Co. v. Mason, 222 Ala. 38, 130 So. 559; Jackson v. Snodgrass, 140 Ala. 365, 37 So. 246.

Any person creating or maintaining an obstruction may be sued whether he has any interest in the premises on which the easement is located or not. Hardin v. Sin Claire, 115 Cal. 460, 47 P. 363.

To sustain a bill to enjoin the obstruction of an easement except as incidental to other equitable relief, it must appear that the remedy at law is either doubtful, difficult or not sufficient to grant adequate relief. An action for damages is insufficient when the obstruction is permanent or continuous or destroys the right itself. The allegations of the bill here under consideration are sufficient as against the claim that there is an adequate remedy at law. Sellers v. Valenzuela, 249 Ala. 627, 32 So.2d 517.

Such a bill must sufficiently show the existence of the easement to justify the relief. Sellers v. Valenzuela, supra.

The bill must describe the easement so as to show the nature, extent, and location of the right claimed in order that a definite decree may be entered. Cleveland, C., C. & St. L. Ry. Co. v. Griswold, 51 Ind.App. 497, 97 N.E. 1030; Beck v. Lane County, 141 Or. 580, 18 P.2d 594; Shedd v. American Maize Products Co., 60 Ind.App. 146, 108 N.E. 610; Nutter v. Kerby, 120 W.Va. 532, 199 S.E. 455; Hitchcock v. Lovelace, 47 Cal.App.2d 818, 119 P.2d 151; De Reus v. Peck, 114 Colo. 107, 162 P.2d 404. But it is not necessary to describe in the bill of complaint the servient tenement by metes and bounds, if the allegations of the bill sufficiently identify and locate the property and the way so that they can be definitely located. Kotick v. Durrant, 143 Fla. 386, 196 So. 802.

The complainant, Alabama Power Company, claims an easement by virtue of an instrument which was recorded in the office of the judge of probate of Tuscaloosa County on September 23, 1940, which in-

strument was duly executed by S. G. Hamilton and Claire G. Hamilton on July 19, 1940. The said instrument, which is made an exhibit to the bill, reads in pertinent parts as follows:

"We, S. G. Hamilton and Wife, Claire G. Hamilton, for and in consideration of the sum of One Hundred Seventy Five & no/100 Dollars ($175.00) to us in hand paid by Alabama Power Company, a corporation, the receipt whereof, is acknowledged, do hereby grant to said Alabama Power Company, its successors and assigns, the right to construct, operate and maintain its lines of poles and towers and appliances necessary in connection therewith, as located by the final location survey heretofore made by said Company, for the transmission of electric power with the right to string thereon from time to time electric power and telephone wires and the right to permit other corporations and persons to attach wires to said poles and towers upon, over and across the following described lands situated in Tuscaloosa County, Alabama:

"The East 37½ feet of Lots Nos. 2 and 4, of the Crestview Subdivision according to the Plat and Plan thereof, as recorded in Map Book 4, on Page 132, in the Probate Office of Tuscaloosa County, Alabama, situated in W. ½ of W. ½ of E. ½ of N.W. ¼, Section 20, Township 21, Range 9, which lies North of Birmingham Highway.

"Together with all the rights and privileges necessary or convenient for the full enjoyment or use thereof, including the right of ingress and egress to and from said lines; and also the right to cut and keep clear all trees, and to keep clear other obstructions, that may injure or endanger said lines.

"To Have and Hold the same to the said Company, its successors and assigns forever.

"In Witness Whereof, we have hereunto set our hands and seals, this the 19th day of July, 1940."

We think it clear that the description used in the instrument just quoted above was not intended to define the limits of the right of way, but to designate the place where it was to be reasonably enjoyed. The terms of the grant, considered in reference to the locality and situation of the premises, do not operate to pass a right to the unobstructed use of the entire 37½ feet described, but to the convenient use of so much as may be necessary to the purposes intended by the grant. Long v. Gill, 80 Ala. 408; In re City of Buffalo, 65 Misc. 636, 120 N.Y.S. 611; Cleaves v. Braman, 103 Me. 154, 68 A. 857; McKenney v. McKenney, 216 Mass. 248, 103 N.E. 631; Anderson v. De Vries, 326 Mass. 127, 93 N.E.2d 251, 254.

The instrument of July 19, 1940, is not void for want of sufficient description of the easement. Alabama Central R. Co. v. Long, 158 Ala. 301, 48 So. 363; Alabama Corn Mills Co. v. Mobile Docks Co., 200 Ala. 126, 75 So. 574; Looney v. Blackwood, 224 Ala. 342, 140 So. 400.

When a conveyance of a right of way does not describe or define it by metes and bounds, the grantee is entitled to a convenient, reasonable and accessible way, dependent upon the condition of the place and the purpose for which it was intended and the nature of the acts of those having the right of user, and reasonable as respects the rights of the grantor, as well as the grantee. Birmingham Realty Co. v. Birmingham Belt R. Co., 250 Ala. 623, 35 So.2d 503; Ellard v. Goodall, 203 Ala. 476, 83 So. 568; Western Union Tel. Co. v. Louisville & N. R. Co., 202 Ala. 542, 81 So. 44; Looney v. Blackwood, supra; Long v. Gill, supra.

The only specific reference in the bill of complaint as to the right of way claimed by the complainant is found in § 3 of the bill, which reads as follows:

"Complainant further alleges that as a part of its right of way in Tuscaloosa County, Alabama, it acquired by conveyance from S. G. Hamilton and wife, Claire G. Hamilton, a right of way as set forth and contained in a

conveyance executed and delivered by them to Complainant; such conveyance being dated July 19, 1940, and being marked Exhibit 'A' and made a part of this bill of complaint; that the right of way conveyed thereby is described as follows:

"A part of the East 37½ feet of Lots Nos. 2 and 4, of the Crestview Subdivision, according to the Plat and Plan thereof, as recorded in Map Book 4, on page 132, in the Probate Office of Tuscaloosa County, Alabama, situated in the W ½ of the W ½ of the E ½ of the NW ¼, Section 20, Township 21 South, Range 9 West, which lies North of the Birmingham Highway, and is more particularly described as follows: Commence at the Northwest corner of said Section 20 and run thence East for a distance of 1315.9 feet to the Northeast corner of the NW ¼ of the NW ¼ of said Section 20; turn thence to the right at an angle of 87°5' and run thence South for a distance of 1512.2 feet to a point; turn thence to the left at an angle of 90°47' and run thence North 83°55' East for a distance of 304.8 feet; turn thence to the right at an angle of 90°39' and run thence South 5°26' East for a distance of 372 feet to a point which is the point of beginning; turn thence to the left at an angle of 6°54' and run thence South 12°20' East for a distance of 112.2 feet to a point."

The averments of the bill quoted above do not sufficiently describe the extent of the right claimed. It is said therein that the complainant has a right of way as set forth and contained in the instrument of July 19, 1940, but as shown above, while that instrument does sufficiently describe the servient tenement, it does not adequately identify and describe the way. The remaining parts of § 3 of the bill, rather than add to the description contained in the conveyance, conflict therewith. In describing the exact position of the right of way, it is apparently placed not in the W ½ of the W ½ of the E ½ of the NW ¼ of Section 20, but in the E ½ of the W ½ of the E ½ of the NW ¼ of that section. It does appear from the averments quoted above that the complainant does not in its bill claim the right to the unobstructed use of the entire 37½-foot wide tract.

We lay aside any consideration of the effect of the specific description apparently placing the right of way on lands not covered by the conveyance of July 19, 1940.

It is clear that the specific description attempted does nothing more than show a comparatively straight line approximately 112 feet long. The bill is entirely silent as to the width of the right of way claimed by complainant. There is no averment as to how much of the 37½-foot strip the complainant needs to give it a convenient, reasonable and accessible way.

It is true that the bill alleges that the respondents have constructed a tourist cabin immediately beneath complainant's transmission line. Assuming that the bill sufficiently shows that the transmission line was constructed in compliance with the grant, then it would follow that the tourist cabin has been constructed on complainant's right of way.

But complainant prays for a decree requiring the respondents "to remove said tourist cabin from said right of way." How far must the tourist cabin be moved from its present location beneath the transmission lines of complainant in order to get it off complainant's right of way? It is possible that complainant might be entitled to the use of all of the East 37½ feet of Lots 2 and 4 of the Crestview Subdivision or of a large part thereof in order to give it a convenient, reasonable and accessible way. But, as heretofore indicated, there is no averment as to how much of said 37½-foot strip the complainant claims is reasonably necessary for the purpose intended by the grant.

We are of the opinion that the respondents are entitled to be informed by the pleadings as to how much of the said 37½-foot strip the complainant is claiming. If the respondents are to be required to move the tourist cabin from its present location,

they are vitally interested in the question of distance and should be informed by the complainant's bill as to its claim in that regard. The width of complainant's easement is a vital issue in this case and should have been pleaded.

We are of the opinion that those grounds of demurrer which take the point that the right of way claimed by complainant is inadequately described were well taken and that the trial court did not err in sustaining the demurrer.

Although the foregoing conclusion results in an affirmance of this cause, we feel that we should express our view in regard to the claim of appellees that the complaint was subject to those grounds of demurrer which take the point that the bill and the exhibit thereto affirmatively show that complainant is not entitled to a decree requiring the respondents to remove the said tourist cabin, even though it be located on complainant's right of way.

It is asserted on behalf of appellees, respondents below, that the conveyance under which the complainant claims expressly gives to complainant the right to keep clear obstructions on its right of way that may injure or endanger its transmission lines, and that therefore it is incumbent upon complainant to remove the tourist cabin.

In the case of Collins v. Alabama Power Co., 214 Ala. 643, 108 So. 868, 46 A.L.R. 1459, it was held that a dwelling house, resting in part upon the right of way of the Power Company, was such an obstruction as it sought to guard against when it took a grant of a right of way from Collins' predecessor in title. But that case did not treat of the question as to who must remove the house built on the Power Company's right of way. Although a house is that kind of an obstruction which the complainant is entitled to have kept off its right of way under the terms of the grant, it does not follow that it is incumbent upon complainant to go to the expense of removing an obstruction such as a house which, according to the averments of the bill, was deliberately and intentionally placed immediately beneath complainant's transmission lines and on its right of way.

In our opinion, the provisions of the grant which in effect give the grantee therein, complainant here, the right to cut and keep clear all trees and other obstructions that may injure or endanger its lines should not be held to deprive complainant of the rights which naturally flow to it as the owner of the easement.

For the reasons heretofore indicated, the decree of the trial court is affirmed.

The complainant is given thirty days from the date on which the certificate of the clerk of this court reaches the register of the circuit court of Tuscaloosa County, in equity, within which to amend or plead further if it so desires.

Affirmed.

SIMPSON, STAKELY and MERRILL, JJ., concur.