100 So.2d 16

## A. B. POTTS

### v.

## WATER WORKS BOARD, CITY OF ALICEVILLE.

2 Div. 382.

Supreme Court of Alabama.

Jan. 23, 1958.

W. A. Davis, Aliceville, and B. G. Robison, Jr., Carrollton, for appellant.

Geo. T. Driver, Aliceville, for appellee.

SIMPSON, Justice.

■ The appellee filed its bill in equity to enjoin an alleged obstruction and to require appellant to remove a fence and part of a stairway which he had erected upon a perpetual easement owned by appellee which traversed the lot of the appellant.

The bill shows that appellee owns a plot of ground adjoining the appellant's lot which it had purchased from the Middletons. At the time of this purchase, the appellee also purchased from the Middletons a perpetual easement over the adjoining lot for the purpose of ingress and egress to and from its lot on which a water works has been established. The bill avers that the appellant also purchased from the Middletons the lot over which appellee's easement runs and that appellant had knowledge of said easement but has obstructed the use thereof by the erection of said fence and the encroachment of the stairs on said easement. The bill prays for an order of the court to have the obstruction removed and for a permanent injunction against the appellant restricting further interference with the use and enjoyment of the easement.

The appellant demurred to the appellee's bill and the trial court overruled the demurrer. This appeal is from that ruling.

■ Where a demurrer is addressed to the bill as a whole, if any aspect of the bill states a ground for equitable relief, then the demurrer is to be overruled. 8 Ala.Dig., Equity, ☞ 232. A ground or grounds of demurrer which go only to a "paragraph" of a bill are inapt, unless such paragraph sets forth some aspect of the bill on which relief is prayed. That is not the case here. Cook v. Whitehead, 255 Ala. 401, 51 So.2d 886.

■ The demurrer here, being addressed to the bill as a whole, even though some of the grounds thereof go to "paragraphs" of the bill, must be treated as a demurrer to the bill as a whole and not to the separate aspects thereof. If the bill contains equity in any of its aspects, then the trial court is to be sustained. Cook v. Whitehead, supra.

■ It is well settled that equity has jurisdiction to enjoin the obstruction of a private easement and to require the removal of such obstruction. Alabama Power Co. v. Ray, 260 Ala. 506, 71 So.2d 91; West v. West, 252 Ala. 296, 40 So.2d 873; Vaughn v. Pansey Friendship Primitive Baptist Church, 252 Ala. 439, 41 So.2d 403; Wells Amusement Co. v. Eros, 204 Ala. 239, 85 So. 692.

This case is distinguishable on its facts from Thomas v. Vanderslice, 201 Ala. 73, 77 So. 367, where the holding there was based upon the fact that the offending gate was never treated as an obstruction to the use of the easement but conversely, was there to protect the property of the dominant tenement. Also, there it was understood that the gate could be opened by complainant whenever his need so warranted. Such is not the case at bar in so far as appears from the allegations of the bill.

Likewise, we think the description of the easement claimed by complainant is sufficiently set out as to location, size, etc. Alabama Power Co. v. Ray, supra.

Nor is anything made to appear which would show that the intended use of the easement would invade any rights the appellant may justly have.

We entertain the view the ruling below was correct.

Affirmed.

LAWSON, GOODWYN, and MERRILL, JJ., concur.