148 So.2d 635

Jack CREEL

v.

Ronald C. YEAGER.

6 Div. 568.

Supreme Court of Alabama.

Jan. 10, 1963.

---

J. Ray Knopf and Locke & Locke, Birmingham, for appellant.

Ritchey & Nicholson, Birmingham, for appellee.

LIVINGSTON, Chief Justice.

From the decree overruling his demurrer to the bill of complaint as amended, respondent appeals. This appeal is not affected by Act No. 72, Acts of Alabama 1961, Special Session, page 1947.

The bill seeks specific performance of a contract whereby the respondent agreed to construct a dwelling house on certain described lands, and when completed, convey said dwelling house and land to the complainant.

Although the bill as amended is unartfully drawn, it states, in substance: that the complainant and respondent entered into a contract by the terms of which the respondent agreed to construct a dwelling house on certain described lands, describing them, situated in Sandusky, Jefferson County, Alabama; to complete the same within ninety days, and when completed, convey the same to the complainant; in consideration, the complainant agreed to pay $600.00 earnest money and to secure a loan for the balance of $12,550.00; that complainant paid the earnest money, and is ready, willing and able to secure said loan; that the respondent had completed the dwelling house but had refused to convey the same to the complainant. The complainant further alleged that he is informed and believes, and upon such information and belief, avers that respondent has secured another purchaser for the said dwelling who will pay a greater sum than the complainant for the dwelling; and the respondent is now in the process of selling the said dwelling to this other purchaser; and further, that at all times during the life of the contract, complainant has been ready, willing and able to perform such contract, and is now ready, able and willing to perform the contract by securing the loan specified in said contract, and that complainant offers to do equity.

The complainant prays that the court will enter a decree for the specific performance of the contract, requiring respondent to execute a warranty deed conveying to the complainant the land described in the contract upon payment by the complainant to the respondent the balance due on the purchase price, and for general relief.

There are four assignments of error.

Assignment No. 1 asserts: "The Court erred in entering the decree on demurrer on the 23rd day of March, 1960."

The other three assignments of error point to three separate grounds of demurrer as follows:

2. "The contract alleged in Paragraph 2 is not set forth in haec verba or in subsequence" (sic-substance).

3. "The allegations of the contract are not sufficient to warrant a specific performance."

4. "In the allegations of paragraph 4 of the contract, 'your complainant is informed and belives, and upon such information and belief avers that respondent has secured another purchaser for the said dwelling who would pay a greater sum than your complainant for the dwelling, and the respondent is now in the process of selling the said dwelling to this other purchaser,' is when construed more strongly against the pleader, an allegation that the complainant is informed and believes that the respondent has disposed of this property and specific performance is therefore impossible."

In Vinson v. Vinson, 256 Ala. 259, 54 So.2d 509, we held that the following assignment of error was sufficient: "The trial court erred in overruling appellant's demurrer to the bill of complaint as amended." It was there stated: "Such an assignment is sufficient. It is not necessary to make a separate assignment of error as to each ground of demurrer relied on. Copeland v. Swiss Cleaners, Inc., 255 Ala. 519, 52 So.2d 223." However, we treat only those grounds of demurrer argued in brief. Cook v. Whitehead, 255 Ala. 401, 51 So.2d 886.

So here, we treat only the grounds of demurrer set out in assignments of error 2, 3 and 4.

We think that assignments of error 2 and 3 raise essentially the same question, that is, that the contract which complainant is seeking to specifically enforce is not alleged with a sufficient degree of certainty.

The appellant seems to rely on Chadwick v. Chadwick, 121 Ala. 580, 25 So. 631. That case dealt with a bill in equity praying for a decree of specific performance of a contract. The complainant entered into a contract with his mother whereby he agreed to furnish her a home for the rest of her life. In consideration, the mother agreed to convey a certain piece of land to her son. The court refused to decree specific performance of the contract on the ground that it was powerless to enforce such a continuing duty as furnishing a home. The court observed that it could not decree that the son treat his mother in such a way that she would find living with him tolerable. Specific performance was refused "because of the inequality in which the parties are placed by such a contract in respect to the remedy for its enforcement." In other words, while the court could enforce a conveyance, it could not enforce the complainant's obligation to provide a livable home for his mother. There was no mutuality as to the remedy. The court further noted in the Chadwick case, supra, that the bill did not aver with enough certainty a failure of the defendant to execute the conveyance, because it left an inference that the deed was completely executed.

It was not a lack of certainty of the terms of the contract but the nature of the complainant's obligation that led the court to refuse to decree specific performance. The court there simply declined to grant specific performance on the basis of a lack of mutuality. The uncertainty was not in the allegation of the contract, but in the allegation that a deed had not been executed. The Chadwick case, supra, is not apt authority in this case.

Appellant also cited Ross v. Parks, 93 Ala. 153, 8 So.2d 368, 11 L.R.A. 148, and Iron Age Publishing Co. v. Western Union Telegraph Co., 83 Ala. 498, 3 So. 449. The appellant seems to argue that specific performance cannot be decreed because of the lack of mutuality in the contract in the case involved. Both of these authorities affirm the general rule that mutuality of remedy, as well as of obligation, is an essential requisite in a contract before a court of equity will specifically enforce it. In short, he argues that since the contract is uncertain and the court is unable to determine what the complainant's obligations are, performance by the respondent should not be enforced, for performance by the complainant cannot be decreed.

In Iron Age Publishing Co., supra, the rule was stated:

"* * * The rule of law as to pleadings on this subject is more stringent in bills for specific performance than in other cases. The terms of the contract must be distinctly alleged, so as to leave none of its essential details in doubt or uncertainty. Vagueness of statement or indefiniteness as to matters of substance is not permitted. Facts must be clearly stated, not left to inference by the court. * * * The contract, in other words, which the court is asked to enforce, must be alleged and proved to be 'reasonably certain as to its subject-matter, its stipulations, its purposes, its parties, and the circumstances under which it was made.' 3 Pom. Eq., Jur. § 1405. Unless the court be fully advised as to what particular obligations the parties have undertaken to assume, and what specific rights they have mutually stipulated to confer, it would be impossible to adjudge whether the contract is sufficiently fair, just and equitable in its parts to justify its enforcement by the strong arm of the court or to render a decree intelligibly, settling the rights and duties of the parties which the court is asked to enforce."

Admittedly, this case properly states the test for certainty. Jones v. McCown, 251 Ala. 581, 39 So.2d 14. But we have said if the contract is capable of being made certain from what appears, it fulfills the prerequisite. A like test was stated in Rushton v. McKee and Co., 201 Ala. 49, 77 So. 343. Also, we find in 49 Am.Jr., Specific Performance, § 23, p. 36, the following:

"* * * And although a greater degree of certainty may be required by the court before it will grant a decree of specific performance than would be required in an action at law for damages for breach of contract, a contract is considered to be sufficiently definite and certain to be specifically enforceable if it contains provisions which are capable in themselves of being reduced to certainty or of being made certain by the aid of legal presumptions or evidence of established customs, and from which the intention of the parties can be clearly ascertained. * * *"

In the light of the above authorities, we think the bill of complaint as amended meets the test of certainty as to the allegations of the contract here involved.

We think that a fair interpretation of the contract alleged is that the respondent agreed to erect a dwelling house on a certain described parcel of land, and when it was completed, to convey the land and the dwelling to the complainant for the sum of $13,150; that complainant agreed to, and did, pay $600 in cash when the contract was made and agreed to pay the balance upon the execution and delivery of the deed to the premises. The bill avers that the $600 was paid, that the house had been completed, and that complainant was ready, willing and able to pay the balance of the purchase price, but that the respondent had failed and refused to execute a deed to the property. The contract is averred with sufficient certainty.

The other ground of the demurrer which was argued is without merit also. The allegations of the bill do not assert that the respondent has put it beyond his power to convey. It merely asserts an immaterial reason as to why the respondent refuses to execute and deliver a deed to the premises. The foregoing is in line with the decree of the trial court, which is due to be, and is, affirmed.

Affirmed.

LAWSON, GOODWYN and COLEMAN, JJ., concur.