171 So.2d 117

Lawrence MADISON

v.

Charlie WARE.

1 Div. 192.

Supreme Court of Alabama.

Jan. 21, 1965.

Hardy B. Smith, of Gaillard, Wilkins, Smith & Green, Mobile, for appellant.

D. R. Coley, III, Mobile, for appellee.

PER CURIAM.

This is an appeal from a final decree of the Circuit Court of Mobile County, in Equity, dismissing a bill of complaint filed by appellant to vacate a judgment rendered against him in the Inferior Criminal Court of Mobile County, Civil Division; and also to vacate an execution sale to respondent of some real estate he owned to satisfy said judgment, and also seeking other relief.

We think there is no merit in appellant's contention in his third assignment of error that the trial court erred in overruling his motion to strike appellee's demurrer to the bill of complaint because it was filed without leave of court more than five months after appellee's previous demurrer to the same complaint without further amendment had been overruled.

Equity Rule 14, Title 7, Appendix, provides: " * * * But without leave of court, an additional demurrer may not be filed, nor may a demurrer be amended, after a demurrer to the same pleading has been submitted and ruled upon." It is within the discretion of the court to apply the stated rule and deny permission to file additional demurrer to the same pleading. Kay-Noojin Development Co. v. Kinzer, 259 Ala. 49, 65 So.2d 510(1). The trial court's denial of appellant's motion to strike the demurrer sanctioned the filing of the demurrer and was tantamount to granting leave to file.

The demurrer is addressed "to the bill as amended, and separately and severally to each aspect thereof." Being so addressed, the demurrer was in effect to the bill as a whole. First National Bank of Birmingham v. Bonner, 243 Ala. 597, 11 So.2d 348(1). If the respondent wishes to test the sufficiency of an aspect of the bill separately, the demurrer should be addressed to that aspect sufficiently described, and point out specifically the defects in the allegations with respect thereto. First National Bank of Birmingham v. Bonner, supra, (2); Wells v. Wells, 249 Ala. 649, 32 So.2d 697(11).

We have also held that a demurrer addressed to a bill as a whole is not well taken if the bill in any one of its aspects is not subject to demurrer. Badham et al. v. Johnston et al., 239 Ala. 48, 193 So. 420(5).

Without critical examination of the several other aspects of the bill, we direct attention to that aspect which alleges that the reasonable market value of the lots and improvements sold under execution to respondent was $6,000 and they were bid in by respondent at the sale for a price "so greatly less than the reasonable value of the property as to shock the understanding and conscience of an honest and just man

and a court of equity." Attached to the bill of complaint as an exhibit and made a part of the complaint was a copy of the Sheriff's deed to· the respondent showing the purchase price of the property so sold at the execution sale was $245.

These allegations are consonant with the pronouncement of this court in the case of Dunn v. Ponceler, 235 Ala. 269, 178 So. 40(7), wherein we observed:

> "The rule obtaining in this jurisdiction, and which has been recognized and followed by this court for more than an hundred years, is that mere inadequacy of price, not sufficient to create the presumption of fraud, will not vitiate a judicial decision [sic], but when the inadequacy is so glaring and gross as at once to shock the understanding and conscience of an honest and just man, it will, of itself, authorize the court to set aside the sale. Henderson et al. v. Sublett et al., 21 Ala. 626; Ray's Adm'r v. Womble, supra, [56 Ala. 32]; Danforth v. Burchfield, 201 Ala. 550, 78 So. 904; and Powell v. Governor, 9 Ala. 36, 39."

This aspect of the bill contained equity and was not subject to demurrer interposed.

We think the trial court should reevaluate the merits of appellant's petition to impound the rents of the subject property pending disposition of this cause, and also reconsider reinstatement of the order restraining respondent from receiving and collecting rents from any tenant occupying the premises during the time. We pretermit discussion of other aspects of the bill and also other assignments of error.

It is sufficient for us to say at this time that the trial court committed error in sustaining the general demurrer to the bill as amended and in dismissing the cause on motion of respondent.

The decree of the court in sustaining said demurrer and in ˙dismissing the bill as amended is reversed and the cause remanded for further proceedings.

The foregoing opinion was prepared by Bowen W. Simmons, Supernumerary Circuit Judge, and was adopted by the court as its opinion.

Reversed and remanded.

LIVINGSTON, C. J., and LAWSON, GOODWYN and COLEMAN, JJ., concur.