**In re Thomas Milton HAAS and Bernice Elizabeth Haas, Debtors.**

**UNITED STATES of America, Appellant,**

v.

**Thomas Milton HAAS and Bernice Elizabeth Haas, Appellees.**

Civ. A. No. 92–0585–P.
Bankruptcy No. 91–02118–ABB.
Adv. No. 91–00235–ABB.

United States District Court,
S.D. Alabama,
Southern Division.

Dec. 16, 1992.

As Amended on Denial of Rehearing
Jan. 27, 1993.

See also 173 B.R. 756.

**754**

Lawrence B. Voit, Mobile, AL, for appellees.

Carol Koehler Ide, Washington, DC, William R. Sawyer, Asst. U.S. Atty., for appellant.

Thomas P. Ollinger, Jr., Mobile, AL, for Secor Bank.

*ORDER REVERSING IN PART AND AF-FIRMING IN PART THE BANK-RUPTCY COURT'S DECISION*

PITTMAN, Senior District Judge.

This case is before the court on appeal by the United States from the order of the Bankruptcy Court. The United States represents the Internal Revenue Service (IRS) and the Small Business Administration, creditors of the debtors, Thomas and Bernice Haas. The Bankruptcy Court reinstated a validly, though erroneously, extinguished mortgage on certain real estate. It also held that Thomas Haas's failure to pay income taxes, after filing a return, did not constitute "wilfulness" which would prevent the discharge of such taxes in bankruptcy. This court AFFIRMS the Bankruptcy Court's reinstatement of the mortgage and VACATES and REMANDS its discharge of the debtor's federal tax obligations.

As both matters on appeal are questions of law, this court's standard of review is *de novo.*

The first mortgagee, in 1979, of the debtor's homestead was the predecessor of Secor Bank. The second mortgagee, in 1980, was the Small Business Administration. In 1986, Secor recorded a release of its mortgage. Debtor continued to pay the note secured by the Secor mortgage, however. After the release was recorded, federal tax liens on the property were recorded.

### I. *The Mortgage was Properly Reinstated*

■ If the Secor mortgage existed under Alabama law at the time the federal tax lien was perfected, that mortgage would be entitled to priority over the lien. State law governs the definition of property to which a federal tax lien may attach. *Aquilino v. United States,* 363 U.S. 509, 513–14, 80 S.Ct. 1277, 1280–81, 4 L.Ed.2d 1365 (1960), *on remand* 10 N.Y.2d 271, 219 N.Y.S.2d 254, 176 N.E.2d 826 (1961); *Tompkins v. United States,* 946 F.2d 817, 819 (11th Cir.1991). However, once state law has determined that an interest exists, the order of priority between competing interests is a question of federal law. *Aquilino, supra,* 363 U.S. at 514, 80 S.Ct. at 1281; *Vereyken v. Annie's Place, Inc.,* 964 F.2d 593, 594, *reh'g denied* (6th Cir.1992); *Tompkins, supra* at 821. The primary rule of priority under federal law is that the first in time is first in right. *Atlantic States Construction, Inc. v. Hand, Arendall, Bedsole, Greaves & Johnston,* 892 F.2d 1530, 1534 (11th Cir.1990); *Rice Investment Co. v. United States,* 625 F.2d 565 (5th Cir.1980). The Secor mortgage precedes the federal lien. As a result, if the Secor mortgage survived the erroneous satisfaction under Alabama law, it would have priority over the federal tax lien.

■ The Secor mortgage survived the erroneous satisfaction. Under Alabama law, a judgment creditor who does not rely on the erroneous satisfaction of a mortgage is not

entitled to take advantage of that satisfaction. The Bankruptcy Court found, as a matter of fact, that the IRS, as judgment creditor, did not rely on the erroneous satisfaction of the Secor mortgage in perfecting its tax lien. A judgment creditor cannot take advantage of the erroneous satisfaction of a mortgage unless it relied on that satisfaction. *Gordon v. Gorman,* 436 So.2d 851, 855 (Ala. 1983). Such an erroneously satisfied mortgage can be reinstated if the reinstatement will not prejudice third parties or innocent persons. *Id.; Taylor v. Jones,* 280 Ala. 329, 334, 194 So.2d 80, 84 (1967). The Bankruptcy Court found that the IRS, the debtor, and Secor had all continued to behave as if the mortgage still existed even after the erroneous satisfaction was entered. Therefore, the IRS suffered no prejudice as a result of the reinstatement of the mortgage. As a result, the Secor mortgage continued to exist under Alabama law when the IRS perfected its tax lien, and had priority over that lien.

■ The United States's argument that the reinstatement of the mortgage is precluded by laches is to no avail. While there was a considerable delay between the erroneous satisfaction, in 1986, and the filing of a proceeding to reinstate the mortgage, such a delay will not, by itself, be enough to invoke laches. For a party to invoke laches, the complained-of delay must have prejudiced that party. *Gutierrez v. Waterman Steamship Corp.,* 373 U.S. 206, 215, 83 S.Ct. 1185, 1191, 10 L.Ed.2d 297, 304, *reh'g denied* 374 U.S. 858, 83 S.Ct. 1863, 10 L.Ed.2d 1082 (1963); *FDIC v. Key Biscayne Development Ass'n,* 858 F.2d 670, 673 (11th Cir.1988); *Smith v. First Savings of Louisiana, FSA,* 575 So.2d 1033 (Ala.1991). *See Albemarle Paper Co. v. Moody,* 422 U.S. 405, 446, 95 S.Ct. 2362, 2386, 45 L.Ed.2d 280, 313 (1975) (Marshall, J., concurring); *Abbott Laboratories v. Gardner,* 387 U.S. 136, 155, 87 S.Ct. 1507, 1519, 18 L.Ed.2d 681, 695 (1967); *Burnett v. New York Central R.R. Co.,* 380 U.S. 424, 437, 85 S.Ct. 1050, 1059, 13 L.Ed.2d 941, 950 (1965). There is no showing here that the IRS has been prejudiced by the delay in reinstating the mortgage. Where there is no prejudice, laches will not bar the equitable reinstatement of the mortgage.

The United States's pre-emption argument is equally unconvincing. It argues that state rules of equity are preempted by federal law. However, this argument was rejected as far back as *Aquilino:*

> It is suggested that the definition of the taxpayer's interest should be governed by federal law.... We think that this approach is unsound because it ignores the long-established role that the States have played in creating property interests....

*Aquilino, supra,* 363 U.S. at 514 n. 5, 80 S.Ct. at 1281 n. 5. As a result, the *Aquilino* court created a two-step approach to determining the priority of federal tax liens.

> The application of state law in ascertaining the taxpayer's property rights and of federal law in reconciling the claims of competing lienors is based both upon logic and sound legal principles. This approach strikes a proper balance between the legitimate and traditional interest which the State has in creating and defining the property interest of its citizens, and the necessity for a uniform administration of the federal revenue statutes.

*Aquilino, supra* at 514, 80 S.Ct. at 1281. Thus, it is state law which determines whether the Secor mortgage continues to exist. Federal law does not preempt state law, but rather looks to state law to determine whether a property interest such as the Secor mortgage exists at all, and then federal law itself determines the priority to be given that interest.

II. *Debtor's Tax Obligations Continue Undischarged*

■ The Bankruptcy Court erred in ruling that Thomas Haas's [1] tax obligation for years where he filed returns, but did not pay federal income taxes, were dischargeable. Thomas Haas has previously pled guilty to wilful failure to pay federal income taxes for the years between 1977 and 1985. At issue in this case are those years, as well as the years

---

**1.** Mrs. Haas played no role in the filing of returns or payment of taxes (transcript of hearing at 31).

1986 and 1987.[2] During these years, Thomas Haas filed returns, but did not pay the income taxes which were due.

The Bankruptcy Code provides that:

(a) A discharge under ... this title does not discharge an individual debtor from any debt—

\* \* \* \* \* \*

(1) for a tax or customs duty—

\* \* \* \* \* \*

(C) with respect to which the debtor made a fraudulent return *or wilfully* attempted in *any* manner to evade or defeat such tax.

11 U.S.C. § 523 (emphasis added). There is no finding in the Bankruptcy Court's order regarding whether or not Mr. Haas's failure to pay was wilful. However, there has been some suggestion by the United States that Mr. Haas did not pay his taxes though he had the income enabling him to do so. A considerable amount of Mr. Haas's testimony at the hearing before the Bankruptcy Court was devoted to this issue (transcript 23–49). Mr. Haas conceded that he "made a tremendous amount of money over the years particularly in the last few years" (24). He further conceded that "there were things in my personal life and in my professional life that were *more significant and important to me* than the IRS" (28). This court is not in a position to make the factual determinations necessary to resolve this question. As a result, the case should be remanded to the Bankruptcy Court for further factfinding and conclusion on whether or not the taxpayer's conduct was wilful.

It is hereby ORDERED, ADJUDGED, and DECREED that the decision of the Bankruptcy Court regarding the reinstatement of the Secor mortgage be AFFIRMED. It is hereby ORDERED, ADJUDGED, and DECREED that this case be REMANDED to the Bankruptcy Court for further proceedings on the dischargeability issue.

**2.** The unpaid taxes for the years 1988, 1989, and 1990 were adjudged nondischargeable by the

*ORDER*

[January 27, 1993]

This case is before the court on the appellee Thomas Haas' motion for rehearing (tab 13). The appellant, United States of America, has opposed the motion (tab 14). The motion is DENIED.

Counsel for both parties have pointed out a factual error in this court's earlier order (tab 12). As a result, the words "between 1977 and 1985" on page 5 of the earlier order are deleted, and replaced by the phrase "1980, 1981 and 1982, and employment taxes for the first three quarters of 1984."

It is ORDERED, ADJUDGED, and DECREED that the motion for a rehearing be and it hereby is DENIED. It is ORDERED, ADJUDGED, and DECREED that this court's earlier order be and hereby is AMENDED as set forth above.

Bankruptcy Court and are not at issue here.