[No. 25551-1-II.   Division Two.   November 9, 2001.]

U.S. BANK NATIONAL ASSOCIATION, *Respondent*, v. NATALIE M. OLIVERIO, *Individually and as Trustee*, ET AL., *Appellants*.

*Natalie Oliverio, Louise Oliverio,* and *Jennifer Oliverio,* pro se.

*Christine M. Masse* (of *Miller Nash, L.L.P.*), for respondent.

ARMSTRONG, C.J. — A family trust defaulted on a loan and the bank decided to begin foreclosure on real estate it held as security for the loan. But the bank inadvertently generated and mailed a notice of full reconveyance of the property and release of its security interest. The bank filed this action to reinstate the security interest, and the trial court granted summary judgment in its favor. The trust appeals, arguing that the trial court lacked personal and subject matter jurisdiction and that summary judgment was improper. We affirm.

## FACTS

In 1993, U.S. Bank loaned Natalie, Louise, and Audra Oliverio $143,603.60 in exchange for a promissory note secured by a deed of trust on real estate owned by their family trust. The Oliverios all wrote their Yelm, Washington address in the deed of trust. They fell behind in their payments on the loan and, in February 1999, the Bank decided to begin foreclosure under the deed of trust. During a file transfer, the Bank inadvertently generated and mailed a "paid loan confirmation" and notice of "full reconveyance" to the Oliverios and the Thurston County Auditor. Clerk's Papers (CP) at 177-78. The auditor recorded the reconveyance, which eliminated the Bank's security interest. Still unaware of its error, the Bank began nonjudicial foreclosure on the property. When the Bank discovered its mistake, it filed this action to reinstate the deed of trust. The Bank could not find Audra Oliverio, so the trial court allowed the Bank to serve her by publication. The trial court entered a summary judgment in the Bank's favor.

ANALYSIS

I. Jurisdiction

■ The Oliverios argue that the trial court lacked personal jurisdiction of Audra Oliverio. They contend that the court erred in allowing the Bank to serve her by publication. RCW 4.28.100 allows service by publication when the plaintiff (1) files an affidavit stating that the defendant is not a resident of or cannot be found in Washington and (2) mails a copy of the complaint to the defendant. One of several other circumstances must also exist. *See* RCW 4.28.100(1)-(8). For example, the trial court may allow service by publication if the subject of the action is real or personal property in Washington in which the defendant claims an actual or contingent interest. RCW 4.28.100(5). This court reviews a ruling allowing service by publication de novo. *Bruff v. Main*, 87 Wn. App. 609, 611, 943 P.2d 295 (1997).

■ U.S. Bank satisfied the requirements for serving Audra Oliverio by publication. The Bank filed an affidavit describing its efforts to find Audra Oliverio and it mailed a copy of the complaint to the address she provided on the loan documents. And according to the Oliverios, Audra Oliverio lives in New York. Further, the subject of the action is a security interest in real property in which Audra Oliverio claims an interest. Thus, the trial court properly allowed service by publication and the court obtained personal jurisdiction.

■ The Oliverios argue that even if the trial court had personal jurisdiction, it lacked subject matter jurisdiction because of diversity of citizenship and because federal law should apply. But if the Oliverios wanted to remove the case to federal court, they had to file a notice of removal in federal district court within 30 days of being served. 28 U.S.C. § 1446(a), (b). And, unless federal law applies, removal to federal court based on diversity of citizenship is proper only when "none of the parties in interest properly

joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b).

The Oliverios argue that the federal Truth in Lending Act and related federal regulations apply. But this is not an action brought by the Oliverios to enforce the Truth in Lending Act against U.S. Bank. Rather, the Bank brought this action to reinstate a mistakenly released security interest. The Oliverios fail to explain how federal law controls the outcome of this case. We conclude that the trial court had both personal and subject matter jurisdiction.

## II. Summary Judgment

The Oliverios argue that summary judgment was improper; they challenge the trial court's decision to reinstate the Bank's security interest in the trust's property. We review a summary judgment de novo, engaging in the same inquiry as the trial court. *Wilson v. Steinbach*, 98 Wn.2d 434, 437, 656 P.2d 1030 (1982). Summary judgment is proper if no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. CR 56(c); *Wilson*, 98 Wn.2d at 437. The court construes the facts and all reasonable inferences in the light most favorable to the nonmoving party. *Wilson*, 98 Wn.2d at 437.

The Oliverios offered no evidence that they had paid off their loan when the Bank inadvertently released its security interest. But they maintain that the Bank acted in bad faith, providing the trial court with false evidence and refusing to participate in discovery. The Oliverios offer no support for this contention. Thus, the only issue is whether the court properly relieved the Bank of its mistake.

No Washington case has dealt with the question of the remedy available to a creditor who inadvertently releases a security interest in real property. But the courts in other states that have considered the issue have all decided to reinstate the security interest as a matter of equity, at least as long as reinstatement will not affect third parties' rights. For example, a North Carolina court upheld rein-

statement of a promissory note and deed of trust after the mortgagee mistakenly marked both as paid and satisfied and sent them to the defendants and the state's register of deeds. *G.E. Capital Mortgage Servs., Inc. v. Neely*, 135 N.C. App. 187, 519 S.E.2d 553, 557 (1999); *see also, e.g., Taylor v. Jones*, 280 Ala. 329, 194 So. 2d 80, 84 (1967); *Westgard v. Farstad Oil, Inc.*, 437 N.W.2d 522, 526-27 (N.D. 1989); *United Serv. Corp. v. Vi-An Constr. Corp.*, 77 So. 2d 800, 803 (Fla. 1955); *Benson v. Markoe*, 37 Minn. 30, 33 N.W. 38, 42 (1887).

And we have previously held that, under the Uniform Commercial Code (UCC), the mistaken or unauthorized cancellation of a promissory note is inoperative. *Reid v. Cramer*, 24 Wn. App. 742, 746, 603 P.2d 851 (1979) (citing *Gleason v. Brown*, 129 Wash. 196, 200, 224 P. 930 (1924) (holding inoperative bank's mistaken payment of check after drawee's death)). While the UCC does not apply to a deed of trust, the reasoning is analogous. The law will not relieve a party of an obligation due to another's mistake. Moreover, as the Bank argues, leaving the Bank without security for its loans would create an inequitable windfall for the Oliverios. *See Duley v. Westinghouse Elec. Corp.*, 97 Cal. App. 3d 430, 158 Cal. Rptr. 668, 669 (1979). We find no error in the trial court's decision to reinstate the Bank's security interest in the trust's property.

We affirm the summary judgment in favor of U.S. Bank.

BRIDGEWATER and QUINN-BRINTNALL, JJ., concur.

Review denied at 145 Wn.2d 1031 (2002).