**CENEX HARVEST STATES COOPERATIVES, Plaintiff—Appellant,**

and

**Cenex Supply and Marketing, an operating division of Cenex Harvest States Cooperatives, a Minnesota cooperative association, Plaintiff,**

v.

**U.S. BANK N.A.; Dennis K. Steffler, husband; Diane Steffler, wife; Travis Steffler, husband; Mary Steffler, wife, Defendants—Appellees.**

**Cenex Harvest States Cooperatives; Cenex Supply and Marketing, an operating division of Cenex Harvest States Cooperatives, a Minnesota cooperative association, Plaintiffs—Appellees,**

v.

**U.S. Bank N.A., Defendant—Appellant,**

and

**Dennis K. Steffler, husband; Diane Steffler, wife; Travis Steffler, husband; Mary Steffler, wife, Defendants.**

Nos. 04–35347, 04–35348.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 11, 2005.

Decided July 28, 2005.

As Amended on Denial of Rehearing and Suggestion for Rehearing En Banc Oct. 7, 2005.

584

Michael Rex Tabler, Esq., Schultheis & Tabler, Ephrata, WA, for Plaintiff–Appellant.

Douglas Larry Federspiel, Jr., Esq., Velikanje, Moore & Shore PS, Yakima, WA, Timothy John Carlson, Esq., Carlson Boyd & Bailey PLLC, Yakima, WA, for Defendants–Appellees.

Before: HUG, PAEZ, and CALLAHAN, Circuit Judges.

MEMORANDUM *

Cenex Harvest States Inc. ("Cenex") and U.S. Bank ("the Bank") litigated their respective claims to the 1998 crop proceeds of debtor Dennis Steffler ("Steffler")

in the bankruptcy court, which found in favor of Cenex. The Bank appealed to the district court, which affirmed in part and reversed in part the bankruptcy court's findings. Cenex now appeals the district court's decision on several grounds and the Bank cross-appeals. We AFFIRM in part and REVERSE in part the district court's decision and, with one minor exception, affirm the bankruptcy court's judgment.

## I. Cenex's Appeal

■ First, the bankruptcy court's finding of fact that Cenex would be paid from "crop proceeds" was not clearly erroneous. *See In Re Dawson,* 390 F.3d 1139, 1145 (9th Cir.2004). The bankruptcy court's finding of fact must be accepted unless upon review, we are left with a firm and definite conviction that a mistake was made. *In Re Jan Weilert RV, Inc.,* 315 F.3d 1192, 1196 (9th Cir.), *as amended,* 326 F.3d 1028 (9th Cir.2003). There was sufficient evidence in the record to support this finding. Therefore, we are not left with the definite conviction that the bankruptcy court made a mistake and the finding must be accepted. *See Id.*

■ Second, Cenex did not waive its senior interest in the 1998 crop proceeds by endorsing the crop proceed checks and allowing Steffler to deposit those checks with the Bank. *See Cent. Wash. Bank v. Mendelson–Zeller, Inc.,* 113 Wash.2d 346, 779 P.2d 697, 701 (1989). Under the U.C.C., unless the context otherwise requires, "notice" of a fact requires actual knowledge, receipt of notification, or reason to know of the fact under the circumstances. Wash. Rev. Code § 62A.1–201(25)(1998). Normally, the "context" of secured transactions might "otherwise require" that a party be charged with con-

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

structive notice of a termination statement, as the Bank urges here. In the specific "context" of this case, however—where the Bank represented to Cenex that its interest was superior, inducing Cenex to protect its own interest by entering into the standback agreement and endorsing the crop proceeds over to the Bank—it would be inequitable to charge Cenex with constructive notice of the termination statement. *See* Wash. Rev. Code § 62A.1–103 (1998) (principles of equity supplement U.C.C. provisions unless specifically displaced). Therefore, Cenex did not intentionally and knowingly waive its superior right to the crop proceeds. *See Cent. Wash. Bank*, 779 P.2d at 701.

■ Third, the Bank did not receive the crop proceed checks in the "ordinary course of business." Assuming that the Washington courts would have given at least persuasive weight to Official Comment 2(c) to former U.C.C. § 9–306, we conclude that the Bank was at least reckless as to whether accepting 1998 crop proceeds from the Stefflers would violate the security agreement between the Stefflers and Cenex. *See ITT Com. Fin. Corp. v. Bank of the West*, 166 F.3d 295, 307–08 (5th Cir.1999); *J.I. Case Credit Corp. v. First Nat'l Bank of Madison County*, 991 F.2d 1272, 1278 (7th Cir.1993). Unlike the bank in *J.I. Case*, U.S. Bank knew that the Stefflers' loan payments were coming from crop proceeds. Moreover, the Bank knew that its interest in the crop proceeds, to the extent it existed at all, was junior. The Bank also knew that Cenex had a specific, quantifiable claim to those same proceeds. This is information that should have caused the bank "to suspect strongly" that entering an agreement under which Cenex signed over all the proceeds, en-

dorsing the checks, and accepting identifiable payments out of the proceeds at some point would violate Cenex's security agreement with the Stefflers. *J.I. Case*, 991 F.2d at 1278. Nonetheless, the Bank continued to take the payments, and to represent that its own interest was superior, until Cenex discovered the termination statement. In so doing, the Bank "consciously ignore[d] or ... deliberately close[d its] eyes to a manifest danger." which is recklessness sufficient to take the payments out of the "ordinary course." *Id.*

■ Fourth, the Bank's financing statement filed in 1999 did not give the Bank a superior interest in the balance of the crop proceeds in excess of Cenex's 1998 inputs. Here, the bankruptcy court's finding of fact that the Bank failed to trace its advances into the production of the 1998 crop was not clearly erroneous. *See Dawson*, 390 F.3d at 1145. In order for a later filed crop lien to take priority over an earlier filed lien, Washington law requires a *specific* showing of the amounts for the later crop lien which were used to produce the crop. *See In Re Esparza*, 118 Wash.2d 251, 821 P.2d 1216, 1226 (1992). The Bank's claim fails because of the Bank's inability to establish with specificity its inputs into the 1998 crop. *Id.*

■ Finally, the district court was correct in finding that the bankruptcy court erred as a matter of law in determining that the Bank breached its agreement to pay Cenex for its 1998 crop inputs. There was no such claim made in the complaint and there is no evidence in the record that the agreement between Cenex and the Bank required the Bank to pay Cenex directly.[1]

---

1. Although we agree with the district court's determination on this point, this issue does not have any bearing on who between the

Bank and Cenex should receive the 1998 crop proceeds, as Cenex's counsel admitted at oral argument.

## II. The Bank's Cross–Appeal

The district court correctly concluded that the bankruptcy court's finding of fact, i.e., that the Bank "knew" Cenex had not been paid for its 1998 inputs, was not clearly erroneous. *See Dawson*, 390 F.3d at 1145. Again, there was sufficient evidence in the record to support this finding. Therefore, we are not left with the definite conviction that the bankruptcy court made a mistake and thus the finding must be accepted. *Jan Weilert*, 315 F.3d at 1196.

Second, neither the district court nor the bankruptcy court clearly erred in finding that the Bank could not establish that it was a holder in due course of the crop proceed checks written to the Bank directly from Steffler's checking account. *See Merrick v. Peterson*, 25 Wash.App. 248, 606 P.2d 700, 702 (1980). Here, the Bank is unable to establish that it took these checks in good faith, and therefore is unable to establish its holder in due course status. *See* Wash. Rev.Code § 62A.3–302; *Von Gohren v. Pac. Nat'l Bank of Wash.*, 8 Wash.App. 245, 505 P.2d 467, 471 (1973).

Finally, both the bankruptcy court and district court were correct in concluding that the Bank was not entitled to equitable reinstatement of its prior financing statement. The Bank did not establish that reinstating its security interest would not affect a third party's rights, i.e. those of Cenex. *U.S. Bank N.A. v. Oliverio*, 109 Wash.App. 68, 33 P.3d 1104, 1106 (2001). Accordingly, equitable reinstatement was not appropriate.

For the foregoing reasons, in Case No. 04–35347 (Cenex's direct appeal), we reverse the judgment of the district court in all respects except the district court's legal determination that the Bank did not breach the standback agreement.

In Case No. 04–35348 (the Bank's cross-appeal), we affirm the district court's determination on each of these claims.

With these determinations, we therefore uphold the bankruptcy court's decision entirely with the exception of the conclusion of law based upon the breach of the standback agreement. We therefore remand this case to the district court to enter judgment consistent with this decision.

**AFFIRMED IN PART, REVERSED IN PART, and REMANDED.**

Each party shall bear their own costs on appeal.